## BARNARD & GREENMAN vs. WHEELER & NILES

The term *venue* now means primarily the county in whose clerk's office the proceedings in the cause are conducted; except where the Plaintiffs are all non-residents, the venue *must be* in a county in which some party to the suit resides, or a county adjoining thereto. (See 46th section of Judiciary Act.)

A change of the place of trial is not necessarily a change of venue; there is no longer any necessary connexion between them.

The only ground upon which the venue can be changed is, that it is not laid in any county in which by the provisions of the 46th section of the Judiciary Act, it may be laid. It can only be made when notice of the motion has been given before the time for pleading has expired. But the court is only authorized to order a cause to be tried in a county other

than that in which the venue is laid, after an issue of fact has been joined, and upon good cause shown therefor.

A notice of motion for *change of venue* upon papers intended for a motion *to change the place place of trial*, is defective, although it contains the general prayer for relief, &c.

In determining the question of a change of the place of trial, the preponderance' of witnesses will not be regarded as a *controlling* circumstance.

The court are authorized to order the cause to be tried in another county, "*on good cause shown therefor.*" Facts and circumstances connected with the transactions in controversy, are more important to be shown, than the number of witnesses sworn to be material.

*September Special Term*, 1847.—*Albany county. The Defendants move to change the venue in this cause, from Albany to Erie.*—The affidavit upon which the motion is founded, states that the cause is *not yet at issue*, and the notice is merely for a *change of venue.*

N. HILL, JR. *for Defts.*

A. TABER, *for Plffs.*

HARRIS, Justice.—Two preliminary objections to the granting of this motion, have been raised by the counsel for Plaintiffs, each of which it becomes important to consider, as each involves a construction of the Judiciary Act, in relation to the change of venue.

The first objection is, that the motion, though made under the 49th section of the act, is for a *change of venue*, which can only be made under the 46th section. The other objection is, that a motion can only be made under the 49th section after *an issue of fact* shall be joined in the cause.

Under the former system, the papers in a cause might be filed in any clerk's office, without reference to the venue or place of trial. Then a change of venue meant an order for the trial of the cause in the county to which the venue was changed. Now the papers can only be filed with the clerk of the county in which the venue is laid. Under the former system the Plaintiff might, without restriction, lay his venue in a transitory action, in any county. Now, to a limited extent, the venue, even in transitory actions, is made local; except where the plaintiffs are all non-residents, the venue *must be* in a county in which some party to the suit resides, or a county adjoining thereto. These changes necessarily produce a corresponding change in the meaning of the term *venue*. Now, it means primarily, the county in whose clerk's office the proceedings in the cause are conducted. The venue may be in one county, and the place of trial in another. A change of venue is a change of the county where the proceedings are to be had. A change of the place of trial, is not necessarily a change of venue. If the venue be not laid as required by the 46th sec-

tion of the Judiciary Act, the law is imperative, that upon notice given in due season, it shall be changed, and the party who has not conformed to the requirements of that section, must be charged with the costs of the motion. It would be no answer to such a motion, that the cause ought to be tried in the county in which the venue is laid. The court would be bound to change the venue, even though in the very next motion it should order the cause to be tried in the county in which the Plaintiff had laid his venue. In short, there is no longer any necessary connexion between the venue and the place of trial. It is true that where no order to the contrary is made under the authority given in the 49th section, the place of trial is the county where the venue is laid; but where an order is made under the provisions of the 49th section directing the cause to be tried in another county, the venue and place of trial are separated. The only ground upon which the venue can be changed is, that it is not laid in any county in which by the provisions of the 46th section of the Judiciary Act it may be laid. It can only be made when notice of the motion has been given before the time for pleading has expired. On the other hand, the court is only authorised to order a cause to be tried in a county other than that in which the venue is laid, after an issue of fact has been joined and good cause shown therefor. In this case the Plaintiffs are residents of the county of Albany. The venue is therefore properly laid in that county and the court have no power to change it. The papers upon which the motion is founded, show a case for a change of the place of trial and not for a change of venue. But then the cause is not at issue and therefore if the notice were sufficient the motion itself is premature. I think, therefore, both objections are well taken. The notice of motion to change the venue is not sustained by the papers upon which the motion is founded. And if the notice were sufficient, the papers show that the cause is not in readiness to move for an order that the cause be tried in another county from that in which the venue is laid. The motion must therefore be denied.

As the questions now decided are entirely new, and by no means free from difficulty, it would be a matter of course to allow the Defendants to renew their motion, if it appeared to the court that they would be entitled to have the motion granted upon removing the objections which have proved fatal to the present motion. I have, therefore, looked into the merits of the case, with a view to determine whether the Defendants should have liberty to renew their motion.

The Defendants have sworn to the materiality of *seven witnesses*, residing in Buffalo. In their opposing affidavit the Plaintiffs swear to the

materiality of *fourteen witnesses*, residing in Albany and Troy. In determining the question between the parties, the preponderance of witnesses, to say the least, should not be regarded as a controlling circumcumstance. The experience of the entire legal profession, for many years, has painfully proved that very little can be learned from affidavits made upon a motion to change the venue, as to the real number of of witnesses who will in fact be required to attend upon the trial of a cause. The court are authorised to order the cause to be tried in another county, "*on good cause shown therefor.*" In determining whether such cause has been shown, the court can generally rely more safely upon the nature of the case to be tried—upon the facts and circumstances connected with the transactions which are the subject of investigation in the cause, than the number of witnesses sworn to be material by either party. Upon a careful examination of the affidavits upon both sides of this motion, my own conclusion is, that the cause can be tried in the county in which the venue is laid, with as much convenience to the parties as in the county where it is sought to have the trial sent; and the motion would, therefore, be denied upon the merits. Under these circumstances, it would only lead the Defendants to incur an unnecessary expense to grant them leave to renew the motion.