Pierson *v.* McCahill.

---

# PIERSON *v.* McCAHILL.

AMENDMENTS to pleadings should be allowed liberally, and the discretion of the Court below in permitting them will rarely be revised.

Thus, where a judgment in favor of defendant had been reversed by the Supreme Court on the ground that certain material evidence which had been received in his favor was inadmissible under his answer, and on the second trial defendant moved to amend his answer by inserting averments of new matter obviating the objection: *held*, that as the amendment was evidently necessary to enable the defense to be fully presented, it was properly allowed by the Court.

The fact that new matter set up by an amendment was well known to the defendant at the time he filed his original answer, is no good reason why the amendment should not be permitted.

The granting of time to file counter affidavits on a motion to change the place of

trial is a matter of discretion in the lower Court and will not be reviewed on appeal.

The granting or refusing of a motion to change the venue on the ground of convenience of witnesses is discretionary with the trial Court, and subject to review only in cases of abuse.

Where a change of venue is asked by defendant on the ground of his residence, if the convenience of witnesses requires that the action should be retained for trial in the Court where it was commenced, the plaintiff should present that fact in opposition to the motion, and if he neglects to do so, it is doubtful whether he can afterwards apply to the Court to which it has thus been removed, to have it sent back again.

APPEAL from the Fifth Judicial District.

This case was before the Supreme Court at the October Term, 1862, and a report of the proceedings on that appeal will be found in 21 Cal. 122, showing the nature of the action, the character of the pleadings, and the grounds upon which a new trial was ordered. On the filing of the *remittitur*, defendant moved for leave to file an amended answer, in which, in addition to the facts set forth in the original, he averred that the actual verbal agreement between him and his creditors, embraced a stipulation on their part that the reception of fifty cents on the dollar should be in full satisfaction of their demands, but that this stipulation was by mistake of the scrivener omitted from the written contract, and that the parties signed the same without noticing the omission. Defendant prayed that the written contract be reformed in this respect and enforced as corrected. Under the exception of plaintiff the Court permitted this amended answer to be filed. Plaintiff then filed an affidavit showing that a large number of his material witnesses resided in San Francisco County and City, where the facts about which there was dispute had transpired, and moved thereon for a change of venue to the Twelfth District Court. Defendant asked for one day's time to file counter affidavits which under plaintiff's exception was granted, and on the following day defendant filed an affidavit contradicting many of the facts stated in the affidavit of plaintiff, and showing also that the action had originally been brought in the Twelfth District Court, but had on defendant's motion, and a showing that he was a resident of Stockton, been removed to the Fifth District.

Pierson *v.* McCahill.

On these affidavits the motion for change of venue was heard and by the Court denied, to which plaintiff excepted. From this order the appeal is taken by plaintiff.

*M. Compton*, for Appellant.

I.   The Court erred in allowing the defendant to file an amended answer. There is a restriction upon the power of the Court to allow amendments, and it can only be done upon affidavit showing good cause, and upon such terms as may be just. There certainly can be no justice after a party has had an opportunity to plead in a case, to allow him to come in and file an entire new answer without any cause being shown therefor, setting up facts which, as appears upon the face of the answer itself, were within his knowledge at the time of filing the answer in the first instance. (*Hawes* v. *Hoyt,* 11 How. 454; *Woolcott* v. *McFarlan,* 6 Hill, 227; *Lovett* v. *Cowen,* Id. 223; *Hillegan* v. *Holden,* 1 Wend. 302; *Guntery* v. *Catlin,* 1 Duer, 253.) And no terms were imposed by the Court for allowing the amendment. The statute in this respect is imperative. (Prac. Act, Sec. 68; *Roland* v. *Kreyenhagen,* 18 Cal. 455.)

II.   The Court erred in allowing the defendant one day to file counter affidavits on motion to change venue after the coming on and hearing of said motion. Such practice is unwarranted and without precedent. It deprived the plaintiff of all opportunity of meeting the facts contained in the affidavit; and besides, the statute requires that counter affidavits must be served at least one day before the coming on and hearing of the motion.

III.   The Court erred in denying the plaintiff's motion for a change of venue or place of trial. In determining motions for a change of venue or place of trial in transitory actions, the convenience of witnesses is the chief object to be considered by the Court. And " Courts now look beyond the affidavit of the parties and the advice of their counsel, to the cause of action and defense, to ascertain what is to be tried, and to determine, from a view of the whole case as presented by the pleadings and affidavits, whether a change of place of trial will really accommodate and be most convenient for the greatest number of witnesses, who in the reasonable and proper exercise of care and prudence in the preparation for trial

will be required to attend the circuit." (*King* v. *Vanderbelt*, 7 How. Pr. 385; *Jordan* v. *Garrison*, 6 Id. 6; *Goodrich* v. *Vanderbelt et al.*, 7 Id. 467; *Hull* v. *Hull*, 1 Hill, 671; *People* v. *Wright*, 3 Code, 75; *Beardsley* v. *Dickerson*, 4 How. 81.)

*G. W. Tyler*, for Respondent.

I. The removal of a cause for trial is a matter resting in the discretion of the Court, and the Supreme Court will not interfere with the exercise of that discretion, even in criminal cases, unless it clearly appears that the Court below has grossly abused its power. (*People* v. *Fisher*, 6 Cal. 155.)

II. The action is one of assumpsit, and the defendant had a right to have the trial in the county of his residence. (*Loehr* v. *Latham*, 15 Cal. 462.)

III. The amendment to the answer was necessary to enable defendant to present his defense, and was therefore proper.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This action was brought to enforce a contract, in the District Court of the Twelfth Judicial District, in the City and County of San Francisco, and the defendant being a resident of the County of San Joaquin, the action was removed for trial to the District Court of that county on his application. A trial was had in the latter Court and a judgment rendered for the defendant, from which an appeal was taken, and this Court reversed the judgment and ordered a new trial. Upon the return of the case the defendant moved the Court below, upon affidavit and notice, for leave to amend his answer by setting up an alleged mistake in the contract sued on, for want of which allegation the judgment had been reversed by this Court. The Court granted leave to amend and the plaintiff excepted. The plaintiff then moved the Court, upon the pleadings and affidavit and notice, to change the place of trial to the City and County of San Francisco, which was denied and the plaintiff excepted.

The first error assigned by the appellant is, that the Court erred in allowing the defendant to file an amended answer. The amend-

ment asked for was evidently necessary to enable the defendant to fully and fairly present his defense to the action.    The fact that the new matter set up by the amendment was well known to the defendant when he filed his original answer was no good reason why he should not have been permitted to amend.    The rules relating to the amendment of pleadings are properly very liberal, and much is left to the judgment and discretion of the Court below.    In this case there was no error in permitting the defendant to amend.

The Court also granted the defendant one day to file counter affidavits on plaintiff's motion to change the place of trial, and this is also assigned as error.    This is also a matter of discretion in the Court, and the Court very properly granted time to file counter affidavits.    If thereby the plaintiff required further time to prepare for his motion, the Court would undoubtedly have granted it; but no application to that effect seems to have been made.

The next error assigned is· that the Court ought not to have refused plaintiff's motion for a change of the place of trial.    We see no error in this action of the Court.    When the defendant applied for a change of the trial from San Francisco to San Joaquin, if the convenience of witnesses required that the action should be retained for trial in San Francisco, the plaintiff should have presented that fact in opposition to that motion, and if he neglected to do so, it is doubtful whether he could afterwards apply to the Court to which it had been thus removed to have it sent back again.    (*Loehr* v. *Latham*, 15 Cal. 418.)    The granting of such motion is discretionary with the Courts, subject to review only in cases of abuse.    (*Sloan* v. *Smith*, 3 Id. 412.)    No such abuse of discretion is shown in this case.

Judgment affirmed.