[No. 7,752.—In Bank.]
July 24, 1882.

## J. B. COOK v. THOMAS PENDERGAST.

Change of Place of Trial—Practice.—The only case in which it can ever be necessary or proper for plaintiff on cross-motion to ask that the action be retained for trial in the county where he has brought it (because of convenience of witnesses, etc.), is the case in which the motion of defendant is upon the ground that the county designated in the complaint is not the proper county. When the motion on part of defendant is made upon the ground that an impartial trial can not be had or that the

change will promote the convenience of witnesses or that the judge is disqualified, the plaintiff, without cross-motion, but in response to defendant's motion, may file counter affidavits.

ID.—ID.—A defendant who demurs to a complaint without answering must demand a transfer (if he claim it on the ground that the proper county is not designated) before or when he demurs. If his motion to change the place of trial is brought to a hearing before his answer, the plaintiff can not by cross motion demand the retention of the action in the county where it is pending on the ground of convenience of witnesses.

ID.—ID.—QUERY.—Whether if the motion of defendant is heard after he has answered, the claim on his part, that the suit has been brought in the wrong county, *must* or can be met by one on the part of the plaintiff (if the latter intends to assert such claim) that it will promote the convenience of witnesses and the ends of justice to retain the cause for trial where it is a question not necessary to be decided in this case.

ID.—ID.—CASES DISTINGUISHED, ETC.—*Loehr* v. *Latham*, 15 Cal. 418; *Pierson* v. *McCahill*, 22 id. 127; *Hanchett* v. *Finch*, 47 id. 192; *Edwards* v. *S. P. R. Co.*, 48 id. 460; *Jenkins* v. *California Stage Company*, 22 id. 537, commented on and distinguished.

APPEAL from an order denying defendant a change of place of trial in the Superior Court of the County of Colusa. HATCH, J.

*Flint & Stone,* for Appellant.

The statute is mandatory. "In all other cases" (and this case falls within this category), "the action must be tried in the county in which the defendants, or some of them reside at the commencement of the action." (Section 10,395, C. C. P.)

It has been held in New York—that, on motion by defendant to change the place of trial, on the ground that the county designated in the complaint, is not the proper county, it is no answer that the plaintiff has material witnesses residing in the county where the venue is laid. After the venue is changed to the proper county, the plaintiff can move to change it back to the county originally named in the complaint, if the convenience of witnesses requires. (*Park* v. *Carnley,* 7 Howard (N. Y.) Pr. 355 ; *Hubbard* v. *National Protection Ins. Co.*, 11 id. 149 ; *Internat. Life Ass. Co.* v. *Sweetland,* 14 Abb. N. Y. Pr. 240.)

We are aware that this Court has held in some cases, that it is within the sound discretion of the Court to retain the cause for trial if the ends of justice or convenience of witnesses require it, but we claim that the various decisions on

this point cut no figure in this case. *Prima facie* the defendant has a right to have the action tried in the county in which he resides. (*Hanchett* v.*Finch*, 47 Cal. 192.)

We claim at the stage of the proceedings at which this appeal was taken, and the condition of the pleadings, the question as to the convenience of witnesses could not be gone into. Issue of fact has not been joined in this action, and until issue of fact joined, we claim that it is impossible for the plaintiff in this action, to know what witnesses may be necessary to prove his case.

*A. L. Hart*, for Respondent.

Where defendant moves to transfer the cause to the county of his residence, plaintiff may resist the motion by affidavits showing that the convenience of witnesses would be promoted by trying the action in the county in which it has been commenced. (*Loehr* v. *Latham*, 15 Cal. 418; *Hall* v. *C. P. R. R. Co.*, 49 id. 454; *Edwards* v. *S. P. R. R. Co.*, 48 id. 460; *Hanchett* v. *Finch*, 47 id. 192.)

An examination of the record in the case of *Edwards* v. *S. P. R. R. Co.*, 48 Cal. 460, will disclose that the order in that case denying a motion to change the place of trial was made on the seventh day of January, 1873, six days after Section 396 of the Code of Civil Procedure went into effect, and also that no answer was filed therein, but the motion for a change of the venue was made upon the same papers as the motion in this case was made upon. Upon appeal the position here contended for by appellant was urged, and Sections 396 and 397 of the Code of Civil Procedure cited and relied upon, but the order denying the change was affirmed because, as stated in, the opinion, the practice had become settled in this State. (So in *Hall* v. *C. P. R. R. Co.*, 49 Cal. 454, decided in 1875, two years after Section 396 went into effect, this rule was again reiterated, citing *Edwards* v. *S. P. R. R. Co.* The granting or refusal of such a motion is a matter within the discretion of the Courts, subject to review only in case of gross abuse. (*Hanchett* v. *Finch*, 47 Cal. 192; *Pierson* v. *McCahill*, 22 id. 128; *Watson* v. *Whitney*, 23 id. 376; *Sloan* v. *Smith*, 3 id. 410.)

The COURT:

The defendant moved for a change of venue on the ground that the action was not brought in the proper county, by reason of non-residence of the defendant. The plaintiff resisted the motion on the ground of convenience of witnesses. The Court below denied the motion, and defendant appealed. The appeal was heard in this Court by Department One, and its opinion was filed January 9, 1882. (8 Pac. L. J., 1,006.) Subsequently, a hearing by the Court in bank was granted. Such hearing has been had.

We are satisfied with the views expressed in the opinion of the Department; therefore, the order appealed from is reversed.

The following is the opinion of Department referred to:

McKINSTRY, J.:

Under the act known in this State as the "Practice Act," it was held by the Supreme Court that an application to change the place of trial of an action must be made by defendant in the answer, or contemporaneously with the filing of an answer or demurrer. (*Tooms* v. *Randall,* 3 Cal. 438; *Reyes* v. *Sanford,* 5 id. 117; *Pearkes* v. *Freer,* 9 id. 642; *Jones* v. *Frost,* 28 id. 245; *Mahe* v. *Reynolds,* 38 id. 560.)

Sections 396 and 397 of the Code of Civil Procedure read as follows:

396. "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

397. "The Court may, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial can not be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change.

"4. When from any cause the Judge is disqualified from acting."

The only case in which it can ever be necessary or proper for plaintiff, on *cross-motion*, to ask that the action be retained for trial in the county where he has brought it (because of convenience of witnesses, etc.,) is the case in which the motion of defendant is upon the ground that "the county designated in the complaint is not the proper county." When the motion on the part of defendant is made upon the ground, that "an impartial trial" can not be had, or that the change will promote the convenience of witnesses, or that the Judge is disqualified, the plaintiff, without cross-motion but in response to defendant's motion, may file counter affidavits tending to prove that an impartial trial can be had in the county where the action is pending, or that the convenience of witnesses will not be promoted by the change, or that the Judge is not disqualified.

The exigencies of the present case do not require of us to decide whether, where the motion by defendant (on the ground that the county designated in the complaint is not the proper county), is made with or after *answer*, there can be a cross-motion to retain the cause in the county where it has been brought, on the ground of the convenience of witnesses.

But where no issue of fact has been raised, as where the motion to change the place of trial is made when defendant has appeared only by demurrer to the complaint, how can the Court intelligently determine that it will be for the convenience of witnesses to change the place of trial, or to retain the action for trial in the county designated in the complaint?

With reference to a motion for a change of venue, a preponderance in the *number* of witnesses, at one time, formed the rule, in accordance with which the place of trial was fixed. (*Brittan* v. *Peabody*, 4 Hill, 68, note.) More recently the facts and circumstances connected with the investigation have had a more controlling influence than the mere number of witnesses. (*Barnard* v. *Wheeler*, 3 How. Pr. 71.) Under the New York Code the Court will look beyond the affidavits of the parties, and the advice of their counsel, "to the *pleadings* and the *issues to be tried*, and from the whole case, determine in which county the trial will accommodate the greater number of

witnesses," etc. (*King* v. *Vanderbilt*, 7 id. 385.) The affidavits should state what is expected to be proved by the witnesses, that the Court may judge (in view of the issues) of their materiality; otherwise they will be slightly regarded. (*People* v. *Hayes*, 7 id. 249; *Am. Ex. Bank* v. *Hill*, 22 id. 29; *Price* v. *Ft. Edw. Water Works*, 16 id. 51; 2 Wait's Practice, 625–7.) But although the motion may be made after answer, the Court, in determining such motion, will always take into consideration the question of dispatch on the one hand and oppressive delay on the other, and where it is manifest that the object is delay, the motion will be denied. (2 Wait's Practice, 627, and cases cited.)

It has been suggested that it was settled by the former Supreme Court of this State, that, under the former Practice Act, a plaintiff had a right to his cross-motion to retain the cause because of the convenience of witnesses, where the motion of defendant was on the ground that the action was not brought in the proper county, even although the motion was made *before* answer.

Our attention has not been called to any case in which it was explicitly so held.

*Loehr* v. *Latham*, 15 Cal. 418, was commenced in Amador County. The defendant in his *verified answer* alleged that he was a resident of Sacramento. Field, C. J., said that plaintiff on cross-motion—defendant being given sufficient time to meet the cross-motion—might have shown that the convenience of witnesses would be promoted by trying the action in Amador. In *Pierson* v. *McCahill*, 22 Cal. 127, an *amended answer* had been filed and served. In *Hanchett* v. *Finch*, 47 Cal., 192, "the motion was made in due form and at the proper time," which, as the report does not show the contrary, may be presumed to have been when the answer was filed. In *Edwards* v. *The Southern Pacific Railroad Company*, 48 Cal. 460, the motion and cross-motion was made before the Codes took effect. The report of the case does not explain whether an answer had been filed.

It is true, in *Jenkins* v. *The California Stage Company*, 22 Cal. 537, the point was expressly made by counsel—"Until issue of fact is joined it is impossible to determine the question of convenience of witnesses," etc. But the matter

principally discussed by the Court was whether a *corporation* had a " residence" within the meaning of the provisions of the Practice Act. The Court did say: " When a defendant applies for a change of the place of trial on the ground that the action was not brought in the county where he resides, the plaintiff has the right to oppose the motion by showing "that the convenience of witnesses and the ends of justice would be promoted by the change "—citing, in support of this general proposition, (which, when applied to cross-motions made after answer, is perhaps true), *Loehr* v. *Latham,* and *Pierson* v. *McCahill.* But in both of these last cases, as we have seen, the application to change the place of trial was made contemporaneously with or after answer filed. It seems, therefore, the Court, in *Jenkins* v. *The California Stage Company,* overlooked the point made by counsel that the cross-motion was made prior to an answer by defendant.

There was no provision in the Practice Act like that found in Section 396 of the Code of Civil Procedure. In view of that section, we find in the cases no settled rule of practice which prevents us from giving such construction to the sections of the Code of Civil Procedure as accords with the principle that no Court should be called on to determine the existence of a fact—such as the promotion of the convenience of witnesses, etc.—without having before it data or evidence on which to base a prudential judgment.

Section 396 of the Code of Civil Procedure provides, in effect, that a defendant may be held to have waived his right to a change of the place of trial on the ground that the action has not been commenced in the proper county, unless at the time he first appears either by answer or demurrer, he files an affidavit of merits, and demands in writing a transfer to the proper county.

The "proper county" is the county in which actions are required to be tried, "subject to the power of the Court, to change the place of trial" by Section 392, 393, 394 and 395 of the Code of Civil Procedure.

Section 396 has changed the rule, if it ever was a rule, which required the motion, or notice of the motion, in *all cases* to precede or accompany the answer or demurrer. The prohibition of a motion on the ground that "the county desig-

nated in the complaint is not the proper county," except where
the affidavit is filed and the written demand made when the
answer or demurrer is filed, is itself a permission that a mo-
tion on any other statutory ground may be made by defendant,
without the affidavit and demand, within a reasonable time
after his appearance.   Else why is the prerequisite made ap-
plicable to motions made upon the ground particularly men-
tioned.   (*Expressio unius*, etc.)   It has always been held that
such motions, being dilatory, must be prosecuted with dili-
gence.

The Legislature may have presumed that the *situs* of real
estate, or, in the cases mentioned in Section 393, the place
where the cause of action arose, would appear on the face of
the complaint, and that a defendant would always know in
what county he resided.   Hence, that, if he relies on the fact
that the action has been brought in the wrong county, he
ought to move for, or at least demand a transfer on his first
appearance in the cause.   Whatever the reason of the differ-
ence, however, the will of the Legislature is clearly expressed.

The *plaintiff* can not move to change the place of trial on
the ground that he has brought his action in the wrong county.
But he may move to change the place of trial on the ground
that the convenience of witnesses and the ends of justice will
be promoted by the change.   The cases which recognized his
right to a cross-motion assumed this much.   So he may
move on the ground that a fair and impartial trial can not
be had in the county where the action has been commenced
or whenever he ascertains the disqualification of the Judge.
But neither plaintiff nor defendant can move for a change of
the place of trial because of the convenience of witnesses, or
because a fair trial can not be had, until the event has occurred
which, in the one case, can alone enable the Court to decide
what facts are material to be proved by the respective parties, or
which, in the other case, will assist the Court in ascertaining
whether such local prejudice exists as may influence the con-
duct of the jury.

The fact that an impartial trial can not be had must be
clearly established.   So plainly does it appear that a motion
on this ground should be made after answer, that the practice
of attempting to secure a jury before passing on the motion

has been approved. It has even been held that nothing less than an actual experiment, by way of trial or attempt, to empanel a jury, and a consequential failure, will be sufficient to show that a fair and impartial trial can not be had. (*Messenger* v. *Holmes*, 12 Wend. 203; *Patchin* v. *Sands*, 10 id. 570; 2 Wait's Practice, 620.) . Independent of an express provision of statute, the Superior Court ought not to be called on before issues of fact have been joined to decide that the convenience of witnesses will be promoted by a change of the place of trial, or that an action can not be fairly and impartially tried in the county in which it is pending. The Code of Civil Procedure does not require a decision which—in the nature of things—must ordinarily be permature.

A defendant who demurs to a complaint without answering, must demand a transfer (if he claims it on the ground that the proper county is not designated), before or when he demurs. If his motion to change the place of trial is brought to a hearing before he has answered, the plaintiff can not by cross-motion, demand the retention of the action in the county where it is pending, on the ground of convenience, etc. Whether, if the motion of defendant is heard after he has answered, the claim on his part, that the suit has been brought in the wrong county, *must* or can be met by one on the part of the plaintiff (if the latter intends to assert such claim), that it will promote the convenience of witnesses and the ends of justice, to retain the cause for trial where it is, is a question not necessary to be decided here and now.

Order reversed.

Ross and MYRICK, JJ., concurred.