JERE ALLIS v. WILLIAM G. WHITE.[1]

November 23, 1897.

Nos. 10,678—(104).

**Pleading—Extension of Time—Effect on Change of Venue.**

In an action brought prior to the enactment of Laws 1895, c. 28, a defendant, by procuring an ex parte order from the court extending his time for pleading, could not absolutely deprive a plaintiff of an opportunity to oppose defendant's motion for a change of place of trial to the county in which the latter resided at the commencement of the action, with a counter motion to retain the action for trial in the county in which it was brought, on the ground of convenience of witnesses.

**Same—Postponement of Hearing.**

Where a defendant's motion of the character above mentioned was brought on for hearing after the expiration of the statutory period for pleading, the court could modify its ex parte order extending such period, and require the defendant to plead within a stated number of days, and could, in the exercise of a sound discretion, postpone the hearing of defendant's motion until the issues had been framed, so as to permit the plaintiff to oppose such motion upon the ground that the convenience of witnesses and the ends of justice required that the place of trial be in the county in which the action was brought.

**Contract—Pleading—Evidence.**

Certain assignments of error relative to the sufficiency of the allegations of the complaint in respect to the first cause of action, to defendant's motion for judgment on the pleadings as to the second cause of action, and as to the sufficiency of the evidence to sustain certain findings of fact, considered and disposed of.

Appeal by defendant from an order of the district court for Fillmore county, Whytock, J., denying a motion for a new trial, after findings, and an order for judgment of $800, and interest, in favor of plaintiff. Affirmed.

*William G. White,* in pro. per.

The motion for a change of place of trial should have been heard and decided according to the facts as they existed when it was made and set for hearing. Wallace v. Owsley, 11 Mont. 219; Heald

[1] Reported in 72 N. W. 1070.

v. Hendy, 65 Cal. 321; Buell v. Dodge, 57 Cal. 645; Remington v. Cole, 62 Cal. 311; Ah Fong v. Sternes, 79 Cal. 30. Neither plaintiff nor defendant can move for a change of the place of trial because of the convenience of witnesses until after answer. Cook v. Pendergast, 61 Cal. 72; Park v. Carnley, 7 How. Pr. 355; Hubbard v. National, 11 How. Pr. 149; Williams v. Keller, 6 Nev. 476; Van Kleck v. Hanchett, 51 Wis. 398; Bonnell v. Esterly, 30 Wis. 549; Meiners v. Loeb, 64 Wis. 343; Jones v. Swank, 54 Minn. 259; Hennessy v. Nicol, 105 Cal. 138; Brady v. Times-Mirror, 106 Cal. 56. The second cause of action, being for the specific performance of a contract for the sale of real estate, can only be brought in the county where the land is situated. G. S. 1894, § 5183. Under the law as it stands and under the provision of Laws 1895, c. 28, where defendant makes a proper demand "before the time for answering expires" the action should be thereupon removed to the county of his residence without further steps on his part.

The rule in pleading that specific allegations always control general ones must govern in this case. Pinney v. Fridley, 9 Minn. 23 (34); Parker v. Jewett, 52 Minn. 514; Gowan v. Bensel, 53 Minn. 46; Hersey v. Lambert, 50 Minn. 373.

The motion of defendant for judgment on the pleadings as to the second cause of action should have been granted, the pleadings showing that plaintiff never had any record title to the premises referred to in this cause of action, and admitting that the title was not in the plaintiff but in his wife, who held them as the complaint alleges "for his convenience." George v. Conhaim, 38 Minn. 338; G. S. 1894, § 5534; Luce v. Reed, 63 Minn. 5.

The mortgage of $250 should first have been paid in order to entitle the plaintiff to recover. Austin v. Barnum, 52 Minn. 136; Hinckley v. Smith, 51 N. Y. 21; Waterman, Sp. Per. Cont. § 409; George v. Conhaim, supra; Drake v. Barton, 18 Minn. 414 (462). The matter is not res judicata. Allis v. White, 59 Minn. 97.

*Wells & Hopp*, for respondent.

COLLINS, J.

Under the law as it existed prior to the amendment (Laws 1895, c. 28), it was held that a defendant's motion for a change of place of

trial to the county in which he resided at the commencement of the action might be denied on the ground that the convenience of witnesses and the ends of justice would be promoted by such denial. Jones v. Swank, 54 Minn. 259, 55 N. W. 1126. That was a case where the issues were framed by the pleadings prior to the hearing of the motion, and consequently we had no occasion to consider what should have been done had defendant's motion been brought on for hearing before the issues between the parties had been settled by the pleadings.

The case now before us is not one in which defendant's motion for a change of place of trial to the county of his residence and plaintiff's motion, in opposition, to retain the place of trial in the county in which the action was brought for convenience of witnesses, were considered before the statutory period for answering had expired or prior to the framing of the issues to be tried.

The facts were that the summons and complaint were personally served on defendant June 30, 1893. July 6 he served upon plaintiff's counsel the necessary affidavit and demand for a change of place of trial to Ramsey county, his place of residence. Three days later he gave notice of a motion for a change, to be heard July 19. July 13, without notice to plaintiff's attorneys and without their knowledge, he obtained an order from the district court extending the time in which he should demur or answer until his motion was heard and until the further order of the court. By consent the hearing of defendant's motion was continued from July 19 to July 27. At that time plaintiff's counsel presented an affidavit in respect to witnesses and their convenience, whereupon the court continued the further hearing of defendant's motion, as well as plaintiff's application or motion, until August 29, and, further, modified the ex parte order whereby it had extended indefinitely the period within which defendant had to demur or answer; so that an answer was required to be served on or before August 10. The court also directed that a copy of the plaintiff's affidavit by which he expected to oppose and overcome defendant's motion for a change of place of trial be served on defendant within ten days after the service of his answer. Defendant answered within the time required, and thereafter the court made its order denying defendant's motion and

retaining the place of trial in Fillmore county, on the grounds that the convenience of witnesses and the ends of justice would thereby be promoted.

It was certainly within the discretion of the court to modify its ex parte order whereby defendant had tied the hands of counsel for plaintiff and had absolutely prevented them from resisting the motion made by defendant with a counter motion to retain the place of trial in Fillmore county for the convenience of witnesses; and it was also within its discretion, under these circumstances, to continue the hearing of defendant's motion. In fact, it would seem to us that a refusal to release plaintiff's counsel from the position in which they had been placed by the order extending the time and a refusal to continue a hearing of the motion would have been unjustifiable and arbitrary—an abuse of discretion.

By obtaining an ex parte order extending the time for pleading counsel for defendant could not absolutely deprive the plaintiff of the opportunity to be heard upon his application in opposition to defendant's motion; and the court had the right, not only to modify its order extending such time, but also to continue the hearing of defendant's motion, that counsel might properly be heard on an application to retain the place of trial in Fillmore county for the convenience of witnesses and to promote the ends of justice. We decline to follow the cases cited by defendant's counsel, notably Cook v. Pendergast, 61 Cal. 72, and Heald v. Hendy, 65 Cal. 321, 4 Pac. 27, in so far as they are in conflict with the views above expressed.

2. It is contended that as to the first cause the complaint does not state facts sufficient to constitute a cause of action. There is no merit in this contention.

There is an allegation that defendant is justly indebted to plaintiff in the sum of $400, with interest, a balance due on the purchase price of a certain blooded cow sold and delivered by plaintiff to defendant on a certain day, which sum the latter had promised to pay on request and according to the terms of a written agreement signed by both parties, which is set out in full.

By the terms of that agreement, plaintiff sold the cow to defendant June 25, 1891, and agreed to ship her by freight from Isinours,

Minn., to Chicopee, Mass., when requested to do so by defendant.
Plaintiff was to send a competent man in charge of the cow when
shipped, who should deliver her in Chicopee. The plaintiff was to
make no charge for the man's time, while defendant was to pay
his traveling expenses and the freight charges. In payment for the
cow defendant agreed to execute and deliver, and plaintiff agreed
to accept, a warranty deed of seven town lots subject to a mortgage
upon two of these lots of $500. The defendant also agreed to find
a purchaser for these two lots within eighteen months at the price
of $900 or, failing so to do, he was to buy the same himself at that
price. Defendant was also, as part payment, to give plaintiff his
choice of two cows, specially named, which it appears were then
in Chicopee, and was to give his note for $100. The agreement as
set out in the complaint, concluded with these words:

"Said White to take all hazards of shipment to and from Isinours,
that being understood to be the place of delivery of the cows."

The further allegations were that defendant kept and performed
his part of the agreement, except as to a conveyance of the two lots
last referred to, but had neglected and refused to convey the same
as agreed upon and had also failed to sell the same or to pay
plaintiff the sum stipulated as the price therefor, although re-
quested so to do. From these allegations it is obvious that to the
extent of $400 the purchase price of the cow, as agreed on, was to
be paid by a conveyance of the two lots, and that defendant had
refused to execute and deliver the conveyance; and, further, that
he had failed to sell the lots as agreed on or to take them himself
at the stipulated price.

A cause of action was stated here; for when the defendant agreed
to convey the lots in part payment of the purchase price and to find
a purchaser at $900, or to take them himself at that price, he fixed
the basis for an assessment of damages in case he refused to con-
vey at the sum of $400, that being the value of the lots over and
above the amount of the mortgage indebtedness; and upon his re-
fusal to convey the right of action accrued.

3. At the trial and before the introduction of any evidence de-
fendant moved for judgment in his favor on the pleadings in so far

as plaintiff's second cause of action was concerned. According to the complaint this cause of action was based upon the alleged sale of another blooded cow to defendant at an agreed price of $400, payable by the conveyance to plaintiff by defendant of another town lot subject to a mortgage for $250, the defendant to find a purchaser for said lot within eighteen months for the sum of $650, or to take the lot off plaintiff's hands himself at that price and render to plaintiff the net sum of $400 for the cow. The lot, it was alleged, was "for convenience" deeded to Gladys Allis, plaintiff's wife.

At the expiration of the period of eighteen months, defendant having failed to find a purchaser or to make a sale, a reconveyance of the lot was duly tendered and a demand made that defendant pay to plaintiff the sum of $400, as agreed upon, which he refused to do. The answer admitted the purchase of the cow by defendant, alleged that he was to pay for her by conveying the lot in question to plaintiff, subject to the mortgage, and that subsequently, and as an independent contract, defendant agreed to purchase the lot from plaintiff within eighteen months, at and for the sum of $650, free and clear of all incumbrances. It was then alleged that subsequently, and by express agreement with plaintiff and at his solicitation, defendant conveyed the lot to Gladys Allis, not for the purposes of convenience but that she might become the absolute owner of the same; and that, since such conveyance, said Gladys had been, and still is, the owner of the lot in fee simple. The reply put in issue the new matter set out in the answer by way of defense.

Counsel for defendant contends at length that upon these pleadings he was entitled to judgment as to the second cause of action, his point being that this cause was unquestionably an action for the specific performance of a contract for the purchase of real estate and that plaintiff, in order to maintain it, must show that he had "actual record" title to the lot. The cause of action, as set forth in the complaint, was not of the character contended for by defendant. It was to recover the sum of $400, which defendant had agreed to pay and render for the cow within eighteen months. If the $400 was not obtained through a sale of the lot, defendant to

find a purchaser, he was to pay that sum himself, taking back the property. The motion was properly denied.

4. Defendant claims that the court below erred in finding that he entered into a contract containing the clause which fixed the place of delivery at Isinours, which we have heretofore quoted. The facts were that defendant caused duplicate copies of this agreement, except the clause in question, to be typewritten in St. Paul. He then signed and forwarded both to plaintiff at Isinours with the request that the latter sign both and return one copy to defendant if "satisfactory," retaining the other himself. The plaintiff added the language quoted to the duplicates, signed both and returned one to defendant. The latter in a letter subsequently written expressed some surprise that plaintiff should require him to assume any risk on the animal to be shipped from Chicopee to Isinours and asked an explanation.

The defendant expressly stated that he understood the clause to mean that the risk of both animals while in transit was with him. There was no modification or change in the agreement as it was added to by plaintiff, and thereafter defendant directed the shipment of the cow to Chicopee, and this was done, the cow being delivered to defendant's father at the latter place in accordance with defendant's instructions. On these facts there can be no question but that the finding was fully warranted. The contract was not completed until the plaintiff signed it and returned one copy to defendant. It then contained the written clause, and defendant accepted it with this clause by retaining it and directing that the cow be shipped to Chicopee.

5. This finding having been fully supported by the evidence, the further findings in respect to defendant's counterclaim cannot be impeached.

6. We have examined other assignments of error made by counsel and find that none need special mention.

Order affirmed.