ELIJAH REED v. H. SAMUELS AND ANOTHER.

If a creditor has been not only harsh and oppressive, but regardless of the rights of his debtor, and has violated the law, in the too eager pursuit of his demand, the injured debtor may properly apply to the courts for redress.

But when a debtor comes into court to complain against his creditor, he must come with clean hands ; and juries may well require clear and full proof, that the creditor has violated the law, when the complaining debtor is, in the first instance, guilty of fraud and wrong.

When an attachment is merely wrongfully sued out against a debtor, upon a plea of re-convention, for damages, for the suing out of such attachment, the jury can only give such damages as the defendant has actually sustained by reason of the attachment ; but when the attachment has been sued out maliciously, and with the intention to harass and injure the defendant, they may award exemplary damages.

ERROR from Travis.  Tried below before the Hon. A. W. Terrell.  Suit by H. Samuels and H. Mosson against plaintiff in error, to recover the value of eleven hundred and twenty pounds of beef hides. At the time of commencing their suit, the defendants also sued out an attachment, which was levied upon the property of the plaintiff in error. The point upon which the case was disposed of by the court, is apparent from the opinion.

*Hancock* and *West*, for plaintiff in error.

*Smith* and *Campbell*, for defendant in error.

BELL, J.   We do not deem it necessary to the proper deter-
mination of this cause, to notice all the errors assigned and
argued by counsel.   The merits of the case lie within a very
narrow compass.   The evidence shows clearly that the plaintiff
in error violated his contract to deliver eleven hundred and
twenty pounds of hides, entrusted to him by defendants in error,
to be delivered to their consignee at Port Lavaca.   The plaintiff in
error, (Reed,) does not attempt to explain his failure to comply
with his contract for the delivery of the hides at Port Lavaca;
but complains of the great wrong and injury done him by the
plaintiffs, in the court below, in suing out the attachment.

    Pleas in re-convention, for damages for the malicious and vexa-
tious suing out of attachments, have become very common in the
courts of this State, insomuch that a party can seldom resort
to the remedies which the law gives him for the collection of
his just demands, without finding himself involved in a cross-
action, to defend which, may cost him much more than the debt
which he sought to collect.   The courts of the country cannot
lend an unwilling ear to defendants who present such issues for
investigation.   If a creditor has been not only harsh and op-
pressive, but regardless of the rights of his debtor, and has
violated the law, in the two eager pursuit of his demand, then
the injured debtor may properly apply to the courts for redress.
But when a debtor comes into court to complain against his
creditor, it is well for him to come with clean hands; and juries
may well require clear and full proof, that the creditor has
violated the law, when the complaining debtor is, in the first in-
stance, guilty of fraud or wrong.

    In this case, the judge instructed the jury very clearly and
fairly.   It is assumed by the counsel for the plaintiff in error,
that the judge instructed the jury, that the defendant below
could not recover on his plea in re-convention, unless the at-

tachment had been sued out maliciously. The judge did not so instruct the jury. The charge stated clearly the distinction between the wrongful suing out of an attachment, and the malicious suing out of an attachment. The jury were told, that if the suing out of the attachment was only wrongful, then they could only find a verdict for the defendant on his plea, for the amount of the actual damages which he had sustained. They were further instructed, that exemplary damages might be awarded, if they believed, from the evidence, that the plaintiffs below had sued out either of the attachments maliciously, and with intention to harass and injure the defendant. The whole charge to the jury was substantially correct, and it may well be supposed, that the judge did not regard the case, as presented to the jury, as one that called for any very elaborate statement of the law, on the subject of the liability of those who improperly seek the remedy by attachment for the collection of their debts.

We see nothing in the case, which requires us to disturb the judgment, and therefore it is affirmed.

Judgment affirmed.