CHARLES G. SCHMIDT and another *vs.* CHARLES BICKENBACH.

May 9, 1882.

**Action for Goods Sold—Counterclaim for Malicious Prosecution.**—In an action for the price of goods sold and delivered, a cause of action in defendant against plaintiff for maliciously, and without reasonable or probable cause, commencing an action for such price before it became due by the terms of the contract of sale, and in such action causing an attachment of defendant's property, is not a counterclaim.

This action was brought by plaintiffs, as partners, in the district court for Ramsey county, and removed to the district court for Freeborn county, where defendant resides.   The answer consists of the attempted counterclaim which is given in the opinion.   Defendant appeals from an order of *Farmer, J.*, sustaining a demurrer to the answer.

*Lovely & Morgan,* for appellant, cited *Goebel* v. *Hough,* 26 Minn. 252; *Walsh* v. *Hall,* 66 N. C. 233; *Bitting* v. *Thaxton,* 72 N. C. 541; *Waugenheim* v. *Graham,* 39 Cal. 169; *Tinsley* v. *Tinsley,* 15 B. Mon. 454; *Wadley* v. *Davis,* 63 Barb. 500; *Xenia Branch Bank* v. *Lee,* 7 Abb. Pr. 372; *Glen & Hall Mfg. Co.* v. *Hall,* 61 N. Y. 226; *Isham* v. *Davidson,* 52 N. Y. 237; *Judah* v. *Trustees of Vincennes University,* 16 Ind. 56; *Vilas* v. *Mason,* 25 Wis. 310; *McArthur* v. *Green Bay, etc., Canal Co.* 34 Wis. 139; 7 Wait's Actions and Defenses, 547.

*Wm. Ely Bramhall,* for respondents.

GILFILLAN, C. J. Action for goods sold and delivered between November 10, 1880, and May 7, 1881. The answer alleges as a counterclaim, in substance, these facts: That, by the terms of the sale, the price was not to become payable until August 16, 1881; that on June 20, 1881, the plaintiffs wrongfully and maliciously, and without reasonable or probable cause, commenced an action to recover such price, and caused a writ of attachment against the property of the defendant to be therein issued, and his property to be taken thereon, whereby defendant sustained damage. To this plaintiffs demurred, on the ground that it does not constitute a counterclaim to the cause of action, and the court below sustained the demurrer.

If the cause of action alleged in the answer is one solely for malicious prosecution, depending for its existence on malice and want of probable cause, it is an action for a tort; it does not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, nor is it connected with the subject of the action, but it is an entirely independent cause of action, arising upon facts subsequent to and independent of those on which plaintiffs' cause of action rests. Such is the nature of the cause of action, unless the bringing prematurely of the action for the price of the goods was such a breach of the contract of sale that a cause of action would thereupon arise in favor of the defendant. Malice or good faith in prematurely bringing such an action would not affect that question. If bringing it at all would be a breach, bringing it with the utmost good faith would be a breach as much as bringing it maliciously. It was never yet heard of, so far as we know, that a payee

in a contract for payment of money committed a breach of it, for which an action would lie, by demanding or bringing an action for the money before it became due.

The case is different from *Goebel* v. *Hough*, 26 Minn. 252, for in that case the wrongful act of the plaintiff constituted a breach of the covenant for quiet enjoyment in the lease upon which the action was brought. It is also essentially different from *Waugenheim* v. *Graham*, 39 Cal. 169, as to the merits of the decision in which, as applied to our statute, we express no opinion.

Order affirmed.