DAVID E. JONES *et al. vs.* DAVID SWANK.

Submitted on briefs June 1, 1898. Affirmed July 21, 1893.

| 54 | 259 |
|----|-----|
| 63 | 222 |
| 54 | 259 |
| 70 | 188 |
| 54 | 259 |
| 72 | 154 |

**Counterclaim for a Tort not Allowed in an Action on Contract.**

In an action for the value of goods, wares, and merchandise sold and delivered, and for services rendered and labor performed, a cause of action in defendant and against plaintiffs for willfully, maliciously, and with injurious intent causing the property of the former to be seised, in value greatly in excess of the amount claimed to be due, in attachment proceedings instituted upon the claims and causes of action set forth in the complaint in the present action, and also for the neglect and misuse of the attached property with such intent, is not a defense by way of counterclaim.

**Practice on Motion to Change Place of Trial.**

Defendant's motion for a change of place of trial to the county in which he resided at the commencement of the action may be denied on the ground that the convenience of witnesses and the ends of justice will be promoted by such denial.

Appeal by defendant, David Swank, from a judgment of the District Court of Wadena County, *G. W. Holland,* J., entered against him February 20, 1893, for $2,372.58.

The plaintiffs, David E. Jones and William R. Baumback, were partners in retail trade at Menahga, and in July and August, 1891, sold and delivered goods to defendant of the value of $1,975.79, and were the assignees of several small claims of others, for work done and board and livery furnished to defendant, while he was engaged in grading the Wadena and Park Rapids Railroad. They brought this action in Wadena County October 30, 1891, to recover the money due them. The summons was served November 14, 1891. The defendant answered denying the claims in part, and for counterclaim alleged that plaintiffs had on November 2, 1891, wrongfully and maliciously caused attachment and garnishee proceedings to be instituted in this action, on their said claims against him, and caused his horses and other property of the value of $10,000 to be seized and detained and him to be deprived of its use for three weeks, and during that time had misused and neglected the horses, to his damage in all $1,400. To this counterclaim the plaintiffs demurred. Defendant then served demand, that the place of trial be changed

to the proper county, and made affidavit that for ten years he had resided, and did still reside, in Ramsey County. He gave notice that on this affidavit and demand and the pleadings, he would move the Court at Brainerd on January 23, 1892, for a change of the place of trial to Ramsey County. On January 18, 1892, plaintiffs obtained an order *ex parte* adjourning the hearing to February 4, 1892. They then made affidavit showing that plaintiffs had ten material and necessary witnesses in Wadena County and vicinity, and that the convenience of witnesses would be subserved by retaining the place of trial in that county. They served notice of a motion to be heard on said February 4, 1892, at Brainerd, for an order that the trial of the action be had in Wadena, and be not changed to Ramsey. At the time appointed defendant demanded as a right that the place of trial be changed to Ramsey, and opposed the consideration of the plaintiffs' motion. The court, after hearing both motions, denied the motion of defendant, and granted that of plaintiffs, and ordered that the place of trial be retained in Wadena County. The demurrer to the counterclaim was sustained. The issues of fact were tried December 6, 1892, and plaintiffs had a verdict for $2,305.36. on which judgment was entered. From this judgment defendant appeals.

*T R. Palmer*, for appellant.

The matter set forth in the counterclaim is a cause of action arising out of the contracts or transactions set forth in the complaint as the foundation of plaintiffs' claim, or connected with the subject of the action, and constitutes a valid counterclaim and defense. 1878 G. S. ch. 66, § 97 *Goebel* v. *Hough*, 26 Minn. 252.

A defendant's right to have the place of trial changed to the county of his residence is absolute, and cannot be defeated on the ground of convenience of witnesses without his consent to have that question considered. 1878 G. S. ch. 66, §§ 47–51; *Keith* v. *Briggs*, 32 Minn. 185.

In New York under the statute from which ours was copied, the courts, with the exception of *Mason* v. *Brown*, 6 How. Pr. 481, have uniformly held that the right is absolute. *Moore* v. *Gardner*, 5 How. Pr. 243; *Park* v. *Carnley*, 7 How Pr. 355; *Hubbard* v. *Na-*

*tional P. Ins. Co.,* 11 How. Pr. 149; *Starks* v. *Bates,* 12 How. Pr. 465; *Christy* v. *Kiersted,* 47 How. Pr. 467; *Duche* v. *Buffalo G. S. Co.,* 63 How. Pr. 516; *Wood* v. *Hollister,* 3 Abb. Pr. 14; *International Life Assur. Co.* v. *Sweetland,* 14 Abb. Pr. 240; *Horne* v. *City of Buffalo,* 49 Hun, 76; *Veeder* v. *Baker,* 83 N. Y. 156; *Acker* v. *Leland,* 96 N. Y 383; *Penniman* v. *Fuller & W. Co.,* 133 N. Y. 442.

In *Couillard* v *Johnson,* 24 Wis. 533, respondent's contention was sustained. See *Bonnell* v *Esterly,* 30 Wis. 549. The later cases hold the reverse. See *Van Kleck* v. *Hanchett,* 51 Wis. 398; *Stowe* v. *Hanchett,* 52 Wis. 482; *Meiners* v. *Loeb,* 64 Wis. 343. In the later cases it is said the rule is changed because of some change in the statute, but a comparison of the statutes will, we think, prove that the original statute was much more explicit and mandatory than it now is.

*Coppernoll & Willson,* for respondents.

We think that part of 1878 G. S. ch. 66, § 97, subd. 1, reading "or connected with the subject of the action" was intended to, and does, simply retain for the purpose of a counterclaim, the matters in recoupment, as they existed under the old practice, and not to extend the rule of recovery. *Mason* v. *Heyward,* 3 Minn. 182, (Gil. 116;) *Smith* v. *Dukes,* 5 Minn. 373, (Gil. 301.) Hence appellant's right to maintain his counterclaim does not exist by way of recoupment. Such right does not exist by way of set-off. *Wallrich* v. *Hall,* 19 Minn. 383, (Gil. 329.) In order to constitute a proper counterclaim, the claim of appellant relied upon for that purpose, as it does not exist in contract, should be so connected with the subject matter of respondent's cause of action as to qualify it, or in some degree affect it. *Dietrich* v. *Koch,* 35 Wis. 618.

The defendant insists that his right to have the place of trial changed to the county of his residence is absolute. But it is not conclusive of his right to have the action finally tried there; the controlling and paramount right is, to have the action tried in the County of Wadena, where justice and the convenience of witnesses require. Each and all of the several causes of action arose in Wadena County, and all the witnesses necessary and material to prove the several causes of action reside there, or in the vicinity

The right of plaintiffs to have the action tried in Wadena County, where justice and the convenience of witnesses demand that it should be tried, is paramount to defendant's right to have it tried in the county where he resides. His is a privilege merely, which he can waive, and of which he will be deprived, if the rights of others require it. It is only when all other things are equal that he can claim it. *Couillard* v. *Johnson*, 24 Wis. 533; *Walker* v. *Nettleton*, 50 Minn. 305; *Mason* v. *Brown*, 6 How. Pr. 481; *Loehr* v. *Latham*, 15 Cal. 419; *Pierson* v. *McCahill*, 22 Cal. 128; *Jenkins* v. *California Stage Co.*, 22 Cal. 538; *Hanchett* v. *Finch*, 47 Cal. 192; *Edwards* v. *Southern Pac. R. Co.*, 48 Cal. 460; *Hall* v. *Central Pac. R. Co.*, 49 Cal. 454; *Bonnell* v. *Esterly*, 30 Wis. 549; *Van Kleck* v. *Hanchett*, 51 Wis. 398.

COLLINS, J. This was an action for the value of goods, wares, and merchandise sold and delivered, and for services rendered and labor performed. As a second defense, by way of counterclaim, the answer alleged that prior to the commencement of this action plaintiffs caused proceedings in attachment to be instituted upon the claims and causes of action set forth in the complaint, and will-fully, maliciously, and with intent to injure defendant caused his property to be seized and levied upon, greatly in excess in value of the amount demanded in the summons, and deprived defendant of the use of said property for a certain period of time; and, further, that in such proceedings plaintiffs, with said intent, misused and neglected said attached property. The value of the use of the property, and the decrease in value of such as was misused and neglected, was averred, and for the sum total defendant counter-claimed. A demurrer to the second defense or counterclaim was interposed, and by the court below sustained. It is apparent from the above statement that the cause or causes of action set up in the answer did not arise out of the contracts or transactions alleged in the complaint as the foundation of plaintiffs' claims, nor were they connected with the subject of the action. The defendant's right to recover damages for an abuse of the writ of attachment arose, if at all, out of plaintiff's attempt to secure and collect the amount of their claims through attachment proceedings, and in

no way were these proceedings connected with the subject of the action. The facts upon which defendant rested his alleged counterclaim arose subsequent to, and were wholly independent of, those set forth in the complaint, and had no connection with them. See *Schmidt* v. *Bickenbach*, 29 Minn. 122, (12 N. W. Rep. 349.) The court below ruled correctly when sustaining plaintiff's demurrer.

There is room for diversity of opinion on the question of practice raised by the 2d, 3d, and 4th specifications of error. By 1878 G. S. ch. 66, § 49, it is provided that actions of the nature of that at bar shall be tried in the county in which the defendant shall reside at the time of their commencement. The method of removing actions instituted elsewhere is pointed out in section 51. But the right to have the cause tried in the county of defendant's residence is a qualified one, for the power of the court to change the place of trial for the convenience of witnesses and for other causes specified in the statute is undisputed. So the question is whether the defendant has the absolute right, in the first instance, and without regard to any other consideration, to have the action transferred to the county in which he resides, or can his motion for such transfer be met and resisted by a motion to retain it for trial in the county originally named in the summons, or, for that matter, to send it to a county other than that in which it was brought or the one in which defendant resided, for the reasons mentioned in the second subdivision of section 51? Attention has been called by counsel to decisions of the courts of last resort upon both sides of this question, and we are well aware of the difference of opinion existing among the judges of the district court within this jurisdiction. The writer, when serving upon the district bench, following the rulings of his predecessor, always changed the place of trial, upon proper showing, to the county in which the defendant resided, but without prejudice to the plaintiff's right to move the court to again transfer the cause for trial if good grounds existed for such a motion; and in one instance this method of procedure led to the presentation of two motions in the same action,—the first to change the place of trial from the county named in the summons to that in which the defendant resided, both counties being in the same judicial district, which motion was granted; and the second to return the action for trial to the county first mentioned, that the witnesses might be

convenienced, and the ends of justice promoted. This same condition might exist in every judicial district in this state save one, and seems quite absurd. We believe that no good reason exists for holding that a defendant's motion for change of place of trial to the county in which he resides cannot be met and opposed by counter affidavits, or considered with a motion to retain the cause in the county in which it has been brought, or to transfer it for trial to some third county, if it be made to appear that the convenience of witnesses and the ends of justice will be promoted by such a course. As has been said in one of the Wisconsin cases hereinafter cited, the statute contains no words expressly limiting the court to an investigation of the facts stated in support of a motion made under one clause, or prohibiting it from receiving counter affidavits, or listening at the same time to an opposing motion, made under some other clause. This mode of procedure will avoid the absurdity before mentioned, and prevent a multiplicity of motions. As before stated, the courts are at variance on the subject. Sustaining our views, we cite *Jenkins* v. *California Stage Co.*, 22 Cal. 538; *Hall* v. *Central Pac. R. Co.*, 49 Cal. 454; *Couillard* v. *Johnson*, 24 Wis. 533; *Bonnell* v. *Esterly*, 30 Wis. 552. A later case, *Meiners* v. *Loeb*, 64 Wis. 343, (25 N. W. Rep. 216,) is based upon a statute unlike that considered in the earlier cases.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 1126.)