JOHN J. THOMSSEN v. HENRY A. ERTZ.[1]

November 11, 1904.

Nos. 14,022—(74).

**Libel—Counterclaim.**

   Defendant, a wholesale dealer in fruits, produce, and vegetables, caused plaintiff's name to be published in the St. Paul Produce Exchange as a "delinquent debtor," and plaintiff brought this action for libel to recover damages therefor. Defendant interposed an answer in which he pleaded, among other things, and as a counterclaim, that, at the dates and times therein stated, defendant sold and delivered goods and merchandise to plaintiff to the value of $18.55, for which amount he demanded affirmative judgment against plaintiff. *Held*, that the account for goods sold and delivered is not a proper subject of counterclaim in this action.

[1] Reported in 101 N. W. 304.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., sustaining a demurrer to a counterclaim set up in defendant's answer. Affirmed.

*Warner & Lawrence* and *Warner & Kennedy,* for appellant.

This appeal calls for a construction of G. S. 1894, § 5236, subd. 2,. and section 5237, subd. 1. The provisions of the statute concerning counterclaims (G. S. 1894, §§ 5236, 5237) are not based upon an arbitrary dictum, but are the result of careful reasoning and judicial experience. Before the Code was constructed, it was the rule of equity practice that the chancellor had power to do full and complete justice between the parties to the action. Under that rule, it was competent in the chancery court to put several causes of action together in the original bill, unless, in any particular case, the combination would be multifarious, and the question of multifariousness was left largely to the discretion of the chancellor. From that rule proceeded the provisions of sections 5236, 5237, 5247, 5260, 5269, 5273, G. S. 1894. There was a time in the development of the English common law when the jurors—the triers of all issues of fact in common law actions—were comparatively rude and they generally had minds not sufficiently cultivated to properly deal with combinations of issues of fact; and therefore the early rules pertaining to pleadings in common law actions were constructed so as to bring out a solitary issue of fact. The slightest complication of the issues of fact was at that time supposed to be dangerous to justice, because of the comparative stupidity of the jurors of that age. Since that time, not only here but also in England, important changes have been made with view to finishing up in one suit, so far as practicable, all the controversies between the litigants. —partly because jurors had become sufficiently competent, partly because it was to the interest of the public that litigation should be ended promptly and without unnecessary expense. In that respect the English parliament has gone much farther than any legislature of any one of these states. In this state several causes of action can be introduced into one complaint; several independent defenses can be set up in the answer; and even third parties who have a direct interest in the litigation can of their own motion file a complaint of intervention. See also Pomeroy, Rem. & Rem. Rights, § 413.

With the increasing intelligence of jurors, the application of the old common law rule that but one issue should be involved in each suit has become less necessary, and the necessity of so limiting the issues was distinctly repudiated when the codes were adopted in the American States and in England.

We call attention specifically to the first subdivision of section 5237. The meaning of the phrase "subject of the action" has not yet been defined in this state, and the like uncertainty prevails throughout the Code states; the courts in those states have rested content to determine whether or not the counterclaim set out was connected with the subject of the action in each particular case. As is said by Pomeroy in his "Remedies and Remedial Rights," section 775: "In regard to what constitutes the 'subject of the action,' there is no agreement whatever in the judicial opinions."

But it is well established that the phrase "connected with the subject of the action," being a remedial statute, should be liberally construed, so as to prevent needless multiplicity of suits. Goebel v. Hough, 26 Minn. 252, 255; Lowry v. Hurd, 7 Minn. 282 (356); Midland Co. v. Broat, 50 Minn. 562; 25 Am. & Eng. Enc. (2d Ed.) 597, and cases cited. Moreover since the demurrer was sustained herein it has been held by this court that a counterclaim in contract can be interposed to a cause of action based upon tort. King v. Coe Commission Co., supra, page 52.

The jury in this case, upon the proof, would have to find whether the plaintiff actually bought the poultry, in case he denied that; also whether the plaintiff was justified in refusing to pay the bill; also whether the defendant reported the bill as disputed, or as undisputed. The jury after reaching a determination on these points would be in shape to render their verdict; and it is certainly common sense that in such case, if they found that the plaintiff was liable for defendant's bill, and that defendant had reported the bill as disputed, and without malice, then the jury should not be limited to a verdict for the defendant, but ought to be able to put an end to the litigation by a verdict for said bill. Montgomery v. McEwen, 7 Minn. 276 (351).

*J. F. George,* for respondent.

BROWN, J.

Appeal from an order sustaining plaintiff's demurrer to the counterclaim set up in defendant's answer.

Defendant is a wholesale commission dealer in fruits, produce, and vegetables in St. Paul, and a member of the association known as the St. Paul Produce Exchange. The rules and regulations of this association required each member to report to the association all delinquent customers and debtors, and it, in turn, published a complete list thereof, distributing and circulating the same among the members of the association. Defendant reported to the association that plaintiff was a delinquent debtor, and his name was published and circulated in accordance with the rules of the association, whereupon plaintiff brought this action for libel for causing his name to be so published.

Defendant answered, setting up the fact that he was a member of the association, and, among other things, and as a counterclaim, that on the dates and times therein stated he sold and delivered to plaintiff certain goods and merchandise of the value of $18.55, no part of which had ever been paid; and he demanded judgment against the plaintiff for that amount, with interest. This part of the answer sets out with particularity the formation of the association, the rules and regulations governing and controlling the members, the fact that they are required to report delinquent debtors, and that the association was formed for the mutual protection and benefit of its members.

Plaintiff interposed a demurrer to the answer upon the ground that it failed to state facts constituting a counterclaim; in other words, that the indebtedness therein referred to was not a proper subject of counterclaim in this action—one for libel. We are of opinion that the learned trial court correctly sustained the demurrer.

The matter pleaded is not a proper subject of counterclaim. Our statutes provide that the counterclaim mentioned therein must be one existing in favor of the defendant and against the plaintiff, by whom a several judgment might be had in the action, and arising either out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action. The counterclaim here attempted to be pleaded arises neither out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, nor is it, within the meaning of the statute, con-

nected with the subject of the action. The action is one for libel, and the counterclaim is for goods sold and delivered to plaintiff—a wholly independent and disconnected subject. The case of King v. Coe Commission Co., supra, page 52, is not in point. In that case the counterclaim objected to was held to arise out of the transaction set forth in the complaint.

Order affirmed.