J. M. & L. A. Osborn Company, Plaintiff, *v.* John C. Kennedy, Defendant.

(Supreme Court, Monroe Special Term, December, 1920.)

Counterclaim — sales — attachment — pleading — when defendant may not counterclaim for damages.

> In an action to recover the purchase price of merchandise sold, the defendant may not counterclaim for damages sustained by reason of a wrongful levy upon defendant's property, including said merchandise, by virtue of a warrant of attachment granted in the action.
>
> Upon sustaining a demurrer to the counterclaim, *held,* that as by no possible amendment could the facts alleged in the counterclaim operate to diminish or defeat plaintiff's claim, leave to amend the answer should be denied as a matter of discretion.

Demurrer by the plaintiff to the third counterclaim contained in defendant's answer brought on to be heard as a contested motion.

James L. Brewer, for plaintiff.

Robert T. Gallagher, for defendant.

Stephens, J. The action is brought to recover the purchase price of merchandise sold by plaintiff to the

defendant; the counterclaim alleges a cause of action for damages sustained by the defendant by reason of an attachment wrongfully levied in this action upon his property including said merchandise.

The grounds of the demurrer are that the counterclaim does not state a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action and that it does not state facts sufficient to constitute a cause of action.

It will be assumed that the defendant has pleaded a cause of action, but there remains to inquire whether the cause of action is of such character that it can be interposed as a counterclaim to the plaintiff's cause of action.

Our problem can be still further simplified by recognizing at the outset that the counterclaim is founded upon an alleged tort and its availability to diminish or defeat the plaintiff's recovery must be tested by the provisions of subdivision 1 of section 501 of the Code of Civil Procedure.

It can be said with confidence that this cause of action does not arise out of the contract or transaction set forth in the complaint as a foundation of the plaintiff's claim; this seems to be so plain that no argument is necessary to fortify the statement.

If the conclusions thus far stated are sound there is left for consideration the last and perhaps most comprehensive description of the character of a cause of action that may be set up as a counterclaim; it must then be determined whether or not a cause of action for damages due to levying unlawfully an attachment in an action brought to recover the purchase price of merchandise is so " connected with the subject " of that action that it can be properly set up as a counterclaim.

Although there have been a large number of cases where the provisions of the Code now under scrutiny have been discussed neither the industry of the respective counsel nor my own research has discovered that the precise question presented here for answer has ever been before the courts of this state; the question has, however, been raised in other jurisdictions.

Several rules have been proposed by the courts by which to determine whether a defendant's cause of action is connected with the subject of the plaintiff's action; among them one, not controlling, however, has been referred to as the reciprocal rule, that is, whether if the defendant as plaintiff had brought an action upon his counterclaim the plaintiff as defendant could plead his cause of action as a counterclaim (*Adams* v. *Schwartz,* 137 App. Div. 230; *Stevenson* v. *Devine,* 158 id. 616); this test, it seems to me, is of little practical importance; another is whether or not substantially the same facts would be developed and necessarily interpreted in the two several causes of action (*Deagan* v. *Week,* 67 App. Div. 410; *Fulton Co. G. & E. Co.* v. *Hudson River T. Co.,* 200 N. Y. 287, 296), and a third and more general one that: " The counter-claim must have such a relation to, and connection with, the subject of the action, that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counter-claim should be settled in one action by one litigation; and that the claim of the one should be offset against, or applied upon the claim of the other." *Carpenter* v. *Manhattan Life Ins. Co.,* 93 N. Y. 552.

No one of the above-mentioned tests is applicable here; but if all of them be applied the result does not lend much support to the defendant's position.

The purchase price of the merchandise supplies the only subject of an action with which the defendant's

counterclaim must be connected if it be permissible to plead it; the damages arising from the wrongful levy of the attachment have no connection whatever with the debt but only with the procedure which the plaintiffs have chosen to follow in the effort to collect the debt.

In addition to the cases above cited there may be added these others selected from the many because of their illuminating contribution to the discussion. *Boreel* v. *Lawton,* 90 N. Y. 293; *Ter Kuile* v. *Marsland,* 81 Hun, 420; *Scognamillo* v. *Passarelli,* 157 App. Div. 428; revd., 210 N. Y. 550; *Haberle-Crystal Spring B. Co.* v. *Handrahan,* 100 Misc. Rep. 163; *Turner* v. *Fulcher,* 165 N. Y. Supp. 282.

The defendant relies upon cases in other jurisdictions to sustain the validity of his counterclaim, and to justify the introduction into our courts of the doctrine for which he contends; he refers with assurance to *Waugenheim* v. *Graham,* 39 Cal. 169; this case is not, however, a very staunch ally; I adopt the language concerning it in *Tacoma Mill Co.* v. *Perry,* 32 Wash. 650; the brief and somewhat unsatisfactory report of *Jeffreys* v. *Hancock,* 57 Cal. 646, indicates that the California courts do not approve counterclaims of the kind here under scrutiny.

Counterclaims of this character seem to be permissible in Texas and Iowa but it does not appear from the reports that the statutes of those states are similar to those under which we are operating. *Michigan Stove Co.* v. *Waco Hardware Co.,* 22 Tex. Civ. App. 293; *Reed* v. *Samuels,* 22 Tex. 114; *Reed* v. *Chubb Brothers,* 9 Iowa, 178; *Stadler Bro. & Co.* v. *Parmlee,* 10 id. 23; *Ricker* v. *Davis,* 160 id. 37.

In *Reed* v. *Samuels, supra,* the court comments upon the evils that had grown up even at that early day from the practice of permitting damages alleged to

have been suffered by the levy of an attachment in an action to be pleaded as a counterclaim in that action.

In a number of states counterclaims of this character are not permitted where the cause of action alleged by the defendant was for damages occasioned by an attachment or injunction; from the following citations it sufficiently appears to what jurisdictions this statement is applicable. *Hembrock* v. *Stark*, 53 Mo. 588; *Tuthill* v. *Sherman*, 32 S. D. 103; *Schmidt* v. *Bickenbach*, 29 Minn. 122; *Blue Earth Valley Tel. Co.* v. *Com. Utilities Co.*, 140 id. 198; *Leyser* v. *Rindskopf Bros. Co.*, 3 N. M. 382; *Nolle* v. *Thompson, etc.*, 60 Ky. 121; *Abernathy & Pinegar* v. *Myer-Bridges C. & S. Co.*, 30 Ky. L. Repr. 844; 31 id. 807.

In Kentucky there may be a distinction depending upon whether or not the attachment has been discharged, at the time the counterclaim is pleaded, but I do not consider that distinction vital, for, of course, if the attachment were not wrongfully levied there would be no cause of action, but that is far from saying that though it be wrongfully levied the cause of action arising thereby can be adjudicated in the action in which the attachment was issued.

While I have reached the conclusion from the authorities that the defendant's cause of action cannot be interposed here as a counterclaim, this conclusion is strongly supported by the circumstance that the question has never been raised before in this state; it cannot be doubted that there has been a large number of cases involving questions such as have been presented here where provisional remedies have been resorted to on the part of plaintiffs which have been ultimately set aside, and the absence from our judicial records of the particular problem here for solution indicates, not the non-existence of facts upon which such a counterclaim could be founded, but the general

recognition by the profession that it could not with propriety be litigated under our practice provisions in actions kindred to this one.

The demurrer is sustained, with ten dollars costs, and inasmuch as the facts alleged in the counterclaim cannot by any possible amendment operate to diminish or defeat the plaintiff's claim, in the exercise of the discretion vested in the court, the privilege of amending the answer is withheld from the defendant.

Ordered accordingly.