WELCH, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 10—June 3, 1924.*

*Intoxicating liquors: Unlawful sale: Evidence: Sufficiency: Search warrant: Validity immaterial where search is by consent: Liquor unlawfully possessed as contraband property.*

1. The evidence is *held* to sustain a conviction for selling as a beverage a flavoring extract unfit for use as a beverage under such circumstances that defendant might reasonably deduce that the purchaser intended to use the same for beverage purposes. p. 299.
2. Whether a warrant to search defendant's premises for intoxicating liquor was valid was immaterial where defendant invited the officers to make the search. p. 300.
3. Under sec. 165.01, Stats. 1923, liquors in the unlawful possession of defendant and seized by officers upon a proper search of his premises are contraband property. p. 300.

ERROR to review a judgment of the county court of Walworth county: ALDRO JENKS, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Buell & Lucas* of Madison, and oral argument by *Frank W. Lucas.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Alfred L. Godfrey,* district attorney of Walworth county, and oral argument by *Mr. Godfrey* and *Mr. Messerschmidt.*

DOERFLER, J. The plaintiff in error, hereinafter called the defendant, was convicted upon the verdict of the jury of having sold a flavoring extract which was unfit for use as a beverage, and which had a content of more than one half of one per cent. of alcohol by volume, for beverage purposes, under such circumstances that he at the time of the sale might reasonably deduce that the purchaser had the intention to use the same for beverage purposes.

On the date of the sale and for a long time prior thereto the defendant conducted a restaurant in the city of Delavan, Wisconsin, and in connection therewith sold soft drinks without having first obtained a license therefor. At his place of business defendant also had on hand for sale a large amount of flavoring extracts which were unfit for beverage purposes, which were sold in bottles, and which consisted of a liquid the principal ingredient whereof was alcohol, and in volume contents exceeded one half of one per cent. Shortly prior to the 31st day of August, 1923, the date of the sale of the extract herein complained of, one Elmer Kovari, who took his meals at defendant's restaurant, inquired whether defendant had anything to drink about the place, to which the defendant replied that he did not, but that he expected something in very soon. Kovari was a concrete worker employed by one McCarthy, a concrete contractor engaged in doing business in his line at the city of Delavan, and the latter maintained a tent on the

outskirts of said city, in which the employees slept and were
lodged.   On the night of the date of the sale Kovari ordered
from the defendant a bottle of extract, which was delivered
to him.   He did not order any particular brand of extract,
nor was any inquiry made by defendant as to what brand
the purchaser desired.   The bottle containing the extract
was taken from defendant's pocket and delivered to Kovari,
who paid the price thereof, namely, $2.   Thereafter Kovari,
on his way to the tent, took several drinks from the bottle
and became not only intoxicated but ill.   Upon returning
to the tent he left the bottle on a table and then fell asleep
upon the floor of the tent.   During the night he suffered
considerable inconvenience and pain and was heard to utter
violent groans.

The employer, McCarthy, noticing the condition of Ko-
vari and observing the partially emptied bottle on the table,
took possession of the same and delivered it to one Blanch-
ard, a druggist in the city of Delavan.   The bottle was
thereafter delivered to one Tanck, the mayor of the city
of Delavan, and then passed into various hands until it
finally came into the possession of the prohibition officer,
who made various tests of the contents and ascertained that
it contained alcohol in excess of forty per cent. in volume.
The testimony also discloses that as the bottle passed from
one to the other to whom it was delivered, the contents of
the bottle remained intact until the tests above referred to
were made.

On the 4th day of September, 1923, an officer with a
search warrant appeared at the defendant's place of busi-
ness, and accompanying the officer were three witnesses,
namely, Mr. Sturtevant, Mr. Brabazon, and Mr. Tanck,
the latter being the mayor of the city of Delavan.   When
the officer entered defendant's premises accompanied by the
persons above referred to, the defendant invited him and the
others to search the premises.   Upon this occasion the de-
fendant freely acknowledged to those who were present

that he was selling the extracts in his place for beverage purposes. Mr. Tanck, the mayor, testified that some time previous to the 31st of August he had notified the defendant to desist from selling such extracts for beverage purposes.

The information contained five counts, the first count charging the sale of intoxicating liquor without a permit. The second count is the one herein referred to, upon which the defendant was convicted. In the third count he was charged with keeping intoxicating liquors for sale for consumption on the premises where non-intoxicating liquors were sold without a license. In the fourth count he was charged with selling non-intoxicating liquors for consumption on the premises without first having obtained a license; and in the fifth count with having in his possession privately manufactured distilled liquor. The third and fourth counts were dismissed by the court, and the jury acquitted defendant on the first and fifth counts.

Defendant's counsel strenuously contend that the evidence under the second count in the information is not sufficient to sustain a conviction, and that the court erred in failing to discharge the defendant upon motion of his counsel. A careful reading and consideration of the evidence convinces us that the case made out against defendant was unusually strong and that the evidence is almost conclusive on the subject of defendant's guilt. The defendant had known Kovari for some considerable time prior to the sale of the extract in question. Kovari was a single man, traveling about the country with his employer and having no permanent home or place of abode, all of which was at all times known to the defendant. While engaged at Delavan, Kovari took his meals at defendant's restaurant. The defendant did not keep on hand the usual and ordinary extracts used for flavoring purposes, such as lemon extract or vanilla extract. The defendant also knew that Kovari was not engaged in keeping house or in preparing meals and that he had no use for flavoring extracts for the purpose

for which they are designed and ordinarily used. The sale was made under rather peculiar and suspicious circumstances. No particular brand of extract was requested, and at the time of the sale the defendant took from his pocket this particular brand of sherry extract and delivered it to Kovari. The extract sold contained alcohol far in excess of one half of one per cent. in volume, which was definitely ascertained and testified to by the prohibition officer. Upon consuming a portion of the extract Kovari became intoxicated and violently ill. On the 4th of September, when the premises were searched, the defendant freely admitted that he sold this extract for beverage purposes.

To say that the evidence thus referred to does not warrant or sustain a verdict of conviction borders upon trifling with the administration of justice. We cannot see how any jury, under the evidence, could have returned a verdict otherwise than one of guilty.

A number of assignments of error are set forth in defendant's brief, based upon alleged erroneous instructions. A number of these instructions complained of are not applicable to the particular count in the information on which the defendant was convicted. The other instructions complained of, while perhaps not artfully drawn, do not constitute prejudicial error.

Upon the search warrant issued on the 4th of September a large quantity of extract was seized, and defendant's counsel argue that this search warrant was illegal and that the extracts seized could not therefore be legally introduced in evidence, and that the reception of such extracts in evidence constituted prejudicial error. We find it unnecessary to consider or decide the question of the validity of the search warrant, for the reason that the officer and those accompanying him at the time of the search were invited onto the premises of the defendant and were requested to search the same. Under such circumstances no warrant was in fact necessary, and the extracts, having been discovered and having been taken possession of, constituted contraband

property. *Finsky v. State,* 176 Wis. 481, 187 N. W. 201; sub. (32), sec. 165.01, Stats. No serious attack is made with respect to the search warrant issued subsequent to the 4th day of September, and we are satisfied that such warrant in all respects was legally issued, and that the liquor seized constituted contraband property. The judgment and sentence of the lower court must therefore be affirmed.

*By the Court.*—Judgment and sentence affirmed.