## R. C. JEFFERSON v. LESLIE S. HACKNEY.[1]

October 31, 1924.

No. 24,217.

**Paragraph in answer bad as against a demurrer.**

1. The facts set forth in paragraph 3 of defendant's answer, to which the demurrer under consideration was interposed, constitute a tort not arising out of the contract or transaction pleaded in the complaint.

**When action ex delicto is not valid counterclaim in action ex contractu.**

2. The rule is that, in an action ex contractu, a cause of action ex delicto cannot be set up as a counterclaim, unless it arises out of the same transaction or is connected with the subject matter of the action.

Action in the district court for Ramsey county to recover upon a promissory note. Plaintiff's demurrer to the counterclaim in the amended answer was sustained, Baldwin, J. From the order sustaining the demurrer, defendant appealed. Affirmed.

*Harris Richardson,* for appellant.

*Oppenheimer, Peterson, Dickson & Hodgson* and *Montreville J. Brown,* for respondent.

QUINN, J.

Action upon a promissory note for $50,000 given by defendant to the plaintiff. The payment of the note was secured by a mortgage upon 26,000 acres of land in North Dakota, given at the time of the execution of the note. Defendant answered, setting forth, in paragraph 3 of his answer, certain alleged facts as and for a counterclaim. A demurrer was interposed to the counterclaim and sustained. From an order sustaining the demurrer, defendant appealed.

[1]Reported in 200 N. W. 473.

It appears from paragraph 3, in effect, that, prior to the giving of the note sued upon, defendant executed to plaintiff a note for $200,000, secured by mortgages upon the same land; that, part of said note having been paid, plaintiff sued defendant in North Dakota for the balance, and, without proper service, caused a judgment to be entered against the defendant for $184,232.95; that plaintiff then circulated a report that the judgment had been obtained and docketed and thereby damaged the credit and financial standing of the defendant; that, at the time the defendant was the owner of approximately 100,000 acres of land in North Dakota; that the entry of such judgment clouded the title to all of defendant's land; that subsequently plaintiff caused thousands of acres of defendant's land to be sold under execution, based upon such judgment, and thereby clouded defendant's title to a part of his land; that thereafter said judgment was set aside and vacated, by the district court, upon the ground that it was wrongfully and illegally entered, and that these acts on the part of the plaintiff destroyed defendant's credit and financial standing, to his damage in the sum of $500,000.

It is contended, on behalf of the plaintiff, in support of the demurrer, that the allegations of the answer, to which the demurrer is interposed, are either malicious prosecution or abuse of process, and in either view it sounds in tort and cannot be made the basis of a counterclaim in an action on contract, unless it arises out of such contract or is connected with the subject of the action. It is contended, on behalf of the defendant, in opposition to the demurrer, that such allegations form a continuous chain; that the two notes are connected through the land and the mortgages; that, by injuring the defendant through the first note and mortgage, plaintiff may be stopped, by the counterclaim and set-off, from further injuring the defendant by means of the second note.

Section 7757, G. S. 1913, provides as follows:

"The pleading of a counterclaim shall not be construed as an admission of any cause of action alleged in the complaint. Such counterclaim must be an existing one in favor of a defendant and

against a plaintiff, between whom a several judgment might be had in the action, and must be:

"1. A cause of action arising out of the contract or transaction pleaded in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action; or

"2. In an action arising on contract, another cause of action arising also on contract, and existing when the action was begun."

The statute cited has been before this court and construed a number of times, with reference to the questions here at issue. Schmidt v. Bickenbach, 29 Minn. 122, 12 N. W. 349; Jones v. Swank, 54 Minn. 259, 55 N. W. 1126; Hansen M. Co. v. Wyman-Partridge Co. 105 Minn. 491, 117 N. W. 926, 21 L. R. A. (N. S.) 727; Blue Earth Valley Tel. Co. v. Commonwealth Utilities Co. 140 Minn. 198, 167 N. W. 554.

The note sued upon bears date May 1, 1919. The note and mortgages of $200,000 were given prior thereto, exact date not appearing. The first wrong complained of goes directly to the bringing of a suit upon the note for $200,000, and the entry and docketing of a judgment, on October 13, 1921, without proper service of the summons and complaint therein. This wrong, if such it was, flowed directly from the wrongful and unlawful entry of such judgment. It was, in no way, connected with the subject of the present action. It constituted an independent tort. The same may be said of the charge of circulating reports of the entry of judgment over the state, but in no way can it be said that these matters were connected with the note of $50,000 given more than 2 years before, nor can it be said that a wrongful and unlawful sale of portions of defendant's lands, upon execution, on account of such unlawful judgment, arose out of the subject of this action, which is the note sued upon and nothing else.

The rule is that, in an action ex contractu, a cause of action ex delicto cannot be set up as a counterclaim, unless it arises out of the same transaction or is connected with the subject of the action. It is apparent, from a reading of the pleadings, that the cause of action, set forth in paragraph 3 of the answer, did not arise out of the contract declared upon in the complaint, nor was it connected

with the subject of the action. Defendant's right to recover damages arose, if at all, out of a tort and, in order for him to plead the same as a counterclaim in this action, it must consist of a transaction connected with the subject of the action, which is the $50,000 note. The matter rests upon the provisions of the statute. The acts complained of, if wilful, were wrongful and unlawful, personal acts of the plaintiff, but were in no manner connected with the subject of the cause of action set forth in the complaint and therefore do not form the basis for a counterclaim therein.

The case of Lahiff v. Hennepin County C. B. & L. Assn. 61 Minn. 226, 63 N. W. 493, relied upon by appellant, was an action to reform a first mortgage, given upon a certain tract of land, in that the parties, by mutual mistake, mentioned an amount as principal, in the mortgage, in excess of the amount agreed upon. The facts were that two mortgages had been given upon the same property by the same parties to the same grantee. The defendant, in its answer, admitted the mistake, consented to a reformation, but alleged that plaintiffs had defaulted in the conditions of both mortgages and asked for a reformation of the second mortgage with reference to the amount of the principal mentioned therein, and for a foreclosure of the two mortgages. The allegations were held to constitute a proper counterclaim against the cause of action mentioned in the complaint. It requires no extended remarks to demonstrate that the subject of the action arose out of contract and that the reformation and foreclosures asked for were a cause of action arising out of the same and another contract between the same parties. The facts are so different that the case has no similarity to the one at bar. The same conclusion may be reached with reference to Bauman v. Metzger, 145 Minn. 133, 176 N. W. 497.

The opinion in McLane v. Kelly, 72 Minn. 395, 75 N. W. 601, may be read with interest. There, the cause of action set forth in the complaint was based upon a contract for a deed to certain land. The defendant pleaded trespass upon the land and asked for damages. A demurrer to the counterclaim was sustained because the cause sued upon was a breach of a contract, while the counterclaim was in tort.

The two causes of action are not so connected in subject matter that the defendant's cause can be pleaded, under the statute, as a counterclaim against the plaintiff's cause of action. The order sustaining the demurrer was right.

Affirmed.