# W. T. RAWLEIGH COMPANY v. PETER W. RUTKOWSKI AND OTHERS.[1]

July 2, 1926.

No. 25,381.

**Plaintiff entitled to directed verdict for admitted balance due.**

1. The evidence fails to show that the flavoring extracts and patent medicines sold by plaintiff to be peddled by one of the defendants, even though containing a high percentage of alcohol, were not manufactured and sold lawfully, hence plaintiff was entitled to a directed verdict for the admitted balance due.

**Refusal to submit counterclaim to jury was correct.**

2. The court did not err in refusing to submit to the jury a counterclaim growing out of the conviction of defendant for selling these extracts for beverage purposes.

Intoxicating Liquors, 33 C. J. p. 665 n. 15.
Recoupment, Set-off and Counterclaim, 34 Cyc. p. 708 n. 93.

Action in the district court for Roseau county, to recover balance of account on goods sold and delivered. Defendants appealed from an order, Watts, J., denying their motion for a new trial after verdict in favor of plaintiff. Affirmed.

G. Halvorson, for appellants.

M. J. Hegland, for respondent.

Holt, J.

Defendants appeal from the order denying their motion for a new trial, there having been a verdict for plaintiff.

The action was to recover the balance of an account for goods sold and delivered to defendant Peter W. Rutkowski, the two other defendants being his guarantors. The amount sued for is conceded correct and the guaranty is admitted. The answers of the guarantors and of the principal debtor seek to set up a defense that the

[1]Reported in 209 N. W. 625.

goods sold and delivered were intoxicating liquors and were sold in violation of the Federal and state prohibition laws. The defendant Peter W. Rutkowski also counterclaims for damages sustained from being convicted, fined and imprisoned on the charge of selling intoxicants in vending the goods bought of plaintiff. The court refused to submit the counterclaim to the jury. This ruling presents about the only question on the appeal, for the two exhibits, to the exclusion of which the assignments of error 1 and 2 are directed, were later received in evidence (p. 53 of the record), and the error assigned upon the court's definition of intoxicating liquor is of no consequence, since it could not materially affect the result.

The undisputed facts are these: Plaintiff is a corporation engaged in manufacturing soaps, toilet articles, extracts for household use, liniments and patent medicines, which it sells to persons who undertake to peddle the same in allotted territory. Plaintiff does a business very similar to the well-known Watkin's Medical Company in this state. Flavoring extracts of lemon, orange, vanilla, etc., are put up in bottles plainly labeled, showing alcoholic contents of from 4 up to 80 per cent. The prohibition laws both Federal and state provide for the use of alcohol as a solvent for extracts for "medicinal, phramaceutical, scientific or industrial purposes." The National Prohibition Act, § 4 of title 2, contains an enumeration of articles not inhibited though containing alcohol, if unfit for beverage purposes. Among those so allowed to be manufactured under permit are flavoring extracts. If lawfully manufactured, of course they may be sold.for the purposes intended, which however excludes the use or sale thereof as beverages. Congress has covered the manufacture and sale of the articles involved in the dealings between plaintiff and defendants by regulations effective on and after May 1, 1924. Article 8, §§ 800-890. (McFadden, Prohibition, pp. 777-791).

It is not alleged nor is there any intimation in the evidence that plaintiff did not lawfully manufacture and compound the articles it sold to the defendant Peter W. Rutkowski, or that the flavoring extracts and patent medicines contained more alcohol than per-

mitted under the regulations mentioned. So defendants did not prove that plaintiff in the sale of these articles, which was permissible even though containing a high percentage of alcohol, violated the prohibition laws of this state or nation. A letter from plaintiff's manager urging defendant to sell more medicine to customers than needed for immediate use is pointed to as sufficient evidence to allow a jury to find that plaintiff entered the contract with defendant for the purpose of vending these flavoring extracts for consumption as a beverage. The letter falls far short of suggesting sales in violation of law. No doubt the flavoring extracts, received in evidence as the ones plaintiff manufactured and sold to defendant, were potable and intoxicating, and one selling them knowing that they were bought to be drunk would violate the prohibition statutes, but they may also be dealt with and used without violating any law. Welch v. State, 184 Wis. 296, 199 N. W. 71.

Violation of law is not to be presumed, and since there is no proof that plaintiff did not have a permit to use alcohol in its preparations and to the amount specified on the label of the packages, there is nothing on which the sale to Peter W. Rutkowski can be assailed as illegal. "If an extract containing only the necessary quantity of alcohol to compound and preserve it for domestic use is sold, then such sale is not unlawful because some one of abnormal taste, depraved habits or perverted habits buys such extract for use as a beverage" is an approved statement of the law in Honaker v. State, 166 Ark. 97, 265 S. W. 353; Leslie v. State, 155 Ark. 526, 245 S. W. 318. The case of McConnon & Co. v. Meadows, 138 Miss. 342, 103 South. 7, is on all fours with the facts in the present case, and there the court did direct a verdict for a recovery upon the sale, as we think the court might well have done in the instant case. However the cause was submitted and the verdict was for plaintiff for the full balance of the account, and, since that is for the same amount as a verdict should have been directed, the charge of the court, defining intoxicating liquors, even if not accurate, is not prejudicial.

What has already been said disposes of the counterclaim. The articles procured from plaintiff could have been vended lawfully as

well as unlawfully. If defendant Peter W. Rutkowski did the latter, he is alone to blame, so far as the record discloses. Every package was plainly labeled showing the alcoholic content. He was a mature man, 30 years of age, and knew what a sale of the flavoring extracts as a beverage meant. But, even upon defendant's theory that plaintiff induced him to make illegal sales, he, being a transgressor of a statute, could not recover the damages he sustained through such transgression from one who aided and abetted him therein. This proposition needs to be fortified by no authorities. The court was right in refusing to submit the counterclaim.

Order affirmed.