## A. A. HABEDANK v. SADIE BAKER.[1]

October 7, 1932.

No. 29,000.

*Clifford F. Hansen* and *F. H. Peterson,* for appellant.
*C. G. Dosland* and *M. A. & A. D. Brattland,* for respondent.

OLSEN, J.

The defendant, Sadie Baker, appeals from three orders of the district court: (1) An order denying her motion to strike out paragraphs two and three of the plaintiff's reply as being insufficient, irrelevant, and frivolous; (2) an order sustaining plaintiff's demurrer to the counterclaim of Sadie Baker contained in her an-

[1] Reported in 244 N. W. 546.

swer; (3) an order striking out paragraphs six and seven of defendant's answer on the ground that said paragraphs of the answer are but a detailed statement of evidentiary facts and that such facts, as far as admissible in evidence, are admissible under other allegations of the answer.

The order denying Mrs. Baker's motion to strike out paragraphs two and three of the reply is not appealable under our decisions. Lowe v. Nixon, 170 Minn. 391, 212 N. W. 896, and cases there cited. With that motion was one to strike out plaintiff's demurrer to the counterclaim in the answer. As all questions relating to the demurrer are raised by the appeal from the order sustaining it, we need not consider the order refusing to strike it out.

We have then for consideration the order sustaining the demurrer and the order striking out paragraphs six and seven of the answer.

The grounds for the demurrer to the counterclaim in the answer are: That the counterclaim did not arise out of the transaction pleaded in the complaint; that the counterclaim did not grow out of the transaction pleaded in the complaint and is not connected with the subject of the action; that the counterclaim does not state facts sufficient to constitute a cause of action against this plaintiff; that such a counterclaim cannot be pleaded in a suit for libel; and that the counterclaim is in favor of Sadie Baker alone and not in favor of her codefendants, Everett L. Baker and Clifford F. Hansen.

The pleadings disclose substantially this situation: The complaint in the action is for a libel contained in an affidavit filed in the federal court in what we are informed was a bankruptcy proceeding by Sadie Baker. It was filed on March 16 or 17, 1931, and thereafter otherwise circulated and published by Mrs. Baker. The affidavit was signed and verified by her and Everett L. Baker, her husband. The counterclaim alleges that the defendant, Sadie Baker, in September, 1930, entered into a contract with one Charles O. Herman for the purchase and handling of a herd of about 100 cattle; that this plaintiff and said Charles O. Herman, conspiring

and acting together, made fraudulent statements and representations to her which induced her to enter into said contract, and that they cheated and defrauded her in the transaction, whereby she was damaged in a sum stated. There are other allegations in the counterclaim charging abuse of process or malicious prosecution in some garnishment proceedings, which if properly pleaded might constitute a cause of action on one or the other of those grounds. But, for the purposes necessary here, we may construe the long and involved allegations of the counterclaim as attempting to state a cause of action for fraud in the cattle transaction of September, 1930. The libel, as noted, was filed as a part of a bankruptcy proceeding in March, 1931, and thereafter circulated. For what purpose such affidavit was filed the record does not show.

The statute, G. S. 1923 (2 Mason, 1927) § 9254, provides that a counterclaim must be:

"A cause of action arising out of the contract or transaction pleaded in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action."

No cause of action in favor of the defendant did or could very well arise out of the publication of the libel, the only thing pleaded in the complaint.

The "transaction" pleaded in the complaint, if it can be called a transaction, is for maliciously making and publishing a libel. The counterclaim is for damages for fraud and conspiracy in a financial transaction some six months prior to the alleged libel. We fail to see any direct or sufficient connection of the counterclaim with the claimed libel. The counterclaim does adopt and restate many, if not all, of the statements contained in the alleged libel, and aver their truth; but we do not believe a counterclaim can be so established. The injection of this counterclaim into the suit for libel would raise many issues and questions not otherwise in issue therein and tend to confuse rather than facilitate the proper determination of the cause of action pleaded in the complaint.

We conclude that the counterclaim did not arise out of the transaction pleaded in the complaint and was not so connected with the

subject of the action as to permit its use as a counterclaim herein. The decision in the suit for libel will not be any bar to an action for damages for the alleged fraud.

We cite Majerus v. Hoscheid, 11 Minn. 160 (243); Barker v. Walbridge, 14 Minn. 351 (469); Allen v. Coates, 29 Minn. 46, 11 N. W. 132; Schmidt v. Bickenbach, 29 Minn. 122, 12 N. W. 349; Jones v. Swank, 54 Minn. 259, 55 N. W. 1126; McLane v. Kelly, 72 Minn. 395, 75 N. W. 601; Thomssen v. Ertz, 93 Minn. 280, 101 N. W. 304; Blue Earth Valley Tel. Co. v. Commonwealth Utilities Co. 140 Minn. 198, 167 N. W. 554; Jefferson v. Hackney, 160 Minn. 445, 200 N. W. 473; W. T. Rawleigh Co. v. Rutkowski, 168 Minn. 108, 209 N. W. 625.

The court did not err in sustaining the demurrer to this counterclaim.

■ The court ordered that paragraphs six and seven of the answer be stricken. The ground for the motion to strike out these paragraphs was that said paragraphs set out in detail only evidentiary facts and not ultimate issuable facts. The court said in its memorandum that all that is contained in said paragraphs, as far as admissible in evidence, is admissible under the other allegations of the answer.

We agree with the trial court that the evidentiary facts set forth in said paragraphs, as far as admissible in evidence, are admissible under other paragraphs of the answer. Many of the evidentiary facts recited in paragraphs six and seven may not be admissible in evidence for any purpose. A pleader should not be permitted to plead mere evidence or make a long recital of evidentiary facts containing a mixture of admissible and nonadmissible evidence. We construe this answer, without these paragraphs, as sufficient to permit all proper evidence in mitigation of damages. If any amendment of the answer is deemed necessary for that purpose, the trial court will no doubt readily grant such amendment.

The orders appealed from are affirmed.