## THOMAS C. SKLUZACEK v. JOHN P. WILBY AND ANOTHER.[1]

November 1, 1935.

No. 30,476.

*H. L. & J. W. Schmitt* and *Charlotte Farrish,* for appellant.
*Hanzel & Hallock,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff, claiming to have been damaged in his reputation and business by the publication of a libelous article, brought action against defendant Wilby, writer and composer, and The Journal Publishing Company, publisher thereof. Defendants answered separately. We are concerned only with defendant Wilby, as this appeal is limited to the single issue of whether a counterclaim pleaded by him (there were two counterclaims, but only one is here, the other having been abandoned) may be interposed. Hereafter we shall refer to him as the defendant. Plaintiff's cause rests upon a letter written by Wilby to the publishing company for publication and published by it. The letter bears date July 14, 1934, and was published on July 19. For our present purposes we shall

[1]Reported in 263 N. W. 95.

assume that it is libelous. Defendant's counterclaim seeks recovery of damages against plaintiff for an article composed by him and caused to be published a few days earlier, July 10, 1934; also with having conspired with others in printing and publishing a handbill likewise claimed to be libelous. The time of printing and circulating the handbill is uncertain but is said to have occurred sometime in June, 1934. For our present purpose we shall assume that both letter and handbill are libelous. We think this appeal may be disposed of by determining the single question whether defendant's charges are proper subjects of counterclaim and as such may be interposed in this cause. The trial court sustained plaintiff's demurrer to defendant's counterclaim, taking the view that the allegations therein stated were not proper subjects of counterclaim.

2 Mason Minn. St. 1927, § 9254, defines and limits a counterclaim thus:

"A cause of action arising out of the contract or transaction pleaded in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action."

True, the statute permitting counterclaims is to be liberally construed. Bauman v. Metzger, 145 Minn. 133, 176 N. W. 497. But we have here charges and countercharges of libel. Obviously plaintiff's cause rests entirely upon the libel emanating from defendant. Certainly no cause of action in defendant's behalf arose therefrom. He cannot claim a cause of action based upon his own wrongdoing. Habedank v. Baker, 187 Minn. 123, 125, 244 N. W. 546. Does it not necessarily follow then that the counterclaim could not arise out of the transaction, i. e., the libel, upon which plaintiff relies? Two reputations are involved, one concerning plaintiff, the other the defendant. We think it illogical to say that the two causes of action, involving as they must the reputations of two individuals, have arisen out of the same transaction. Each libel was an assault by the one making the libelous charge against his adversary. In Hughes v. Samuels Bros. 179 Iowa, 1077, 1087, 159 N. W. 589, L. R. A. 1917F, 1088, the court said: "Libel is an assault upon character resulting in some injury to the reputation. The injury

must be traceable to the assault, and the damage must be the proximate result of the injury." If the plaintiff had brought this action for an assault upon his person, does anyone claim that defendant could counterclaim for an assault occurring several days prior 'to the assault of which plaintiff complains? If the combatants had been engaged in a fight, each claiming the other to be the aggressor, it is perhaps possible to say that the cause arose out of the same transaction and that as such a counterclaim would lie. 37 C. J. 48 [§ 394]; Guyer v. Smullen, 160 Minn. 114, 199 N. W. 465; 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7613. But where, as here, the several assaults occurred at different times, no matter what the underlying cause may be, it seems obvious that each gave rise to its own cause of action and that one cannot be pleaded as a counterclaim against the other; this for the simple reason that they did not grow out of the same transaction nor can they be said to be the same subject or subject matter of the action. So here, the libelous articles, assuming them to be such, are in practical substance and effect assaults upon the reputations of the respective parties involved. The injection of this counterclaim into the present case is bound to bring into it issues and questions which properly do not belong therein. Such method of procedure would tend to confuse rather than facilitate the determination of the issues properly determinable here. Habedank v. Baker, 187 Minn. 123, 244 N. W. 546. This danger is emphasized in this cause as there are two defendants. The publishing company is not involved or in any manner interested in the counterclaim.

We think the cases sustain the trial court's view. In Wrege v. Jones, 13 N. D. 267, 271, 100 N. W. 705, 706, 112 A. S. R. 679, 3 Ann. Cas. 482, the court said:

"The fact that two transactions originate at the same time and place, and between the same parties, is not the test. The question in such cases is, 'Did each cause of action accrue or arise out of the same transaction—the same thing done?' Anderson v. Hill, 53 Barb. 238. It is clear in this case that they did not. The act set forth in the complaint as the foundation of plaintiff's claim, and which gave rise to his cause of action, was the speaking by defend-

ant of the defamatory words charged in the complaint. The act which gave rise to the defendant's cause of action was the speaking by plaintiff of the defamatory words charged in the counterclaim. Each act was complete in itself—a separate tort—and constituted a transaction, within the meaning of the above section. It cannot be said that the utterance of the slanderous words by the defendant resulted in a cause of action in his favor for the plaintiff's tort. The latter arose from a wholly distinct act, namely, plaintiff's utterance of the slanderous words. There was no single transaction, which, 'viewed in one aspect,' gave plaintiff's right of action, and, in another aspect, defendant's right of action. The transactions were separate. Our conclusion that one slander cannot be set up as a counterclaim against another slander is in harmony with the views of the courts of New York under the same statute." (Citing numerous cases.)

The court carefully reviewed prior decisions and directed attention to the fact that the North Dakota statute in respect of counterclaims was identical with the New York statute, and so is our own. See also Sheehan v. Pierce, 70 Hun, 22, 23 N. Y. S. 1119; Prosser v. Carroll, 33 Misc. 428, 68 N. Y. S. 542. Edge v. Weigel, 97 L. T. Rep. 447, is particularly interesting because of the manner in which Judge Kennedy disposes of defendant's counterclaim in that case, a libel action where the respective parties had engaged in publishing libelous articles, each charging the other with dishonorable conduct. Judge Kennedy said, 97 L. T. Rep. 450:

"What the defendant must do to bring himself within the subsection is to show that he is entitled to 'relief relating to or connected with the original subject of the cause or matter.' It is not because he wants relief—which relates to the same kind of question—but it must be relief which relates to, or is connected with, the original subject of the cause. It is absurd to say that here the relief asked for is connected with the plaintiffs' cause of action. It may be that the relief sought by the defendant is in respect of the same kind of injury and between the same parties. But the relief is not relating to or connected with the alleged libel which is complained of by the plaintiffs."

See also MacDougall v. Maguire, 35 Cal. 274, 95 Am. D. 98; Earl v. Times-Mirror Co. 185 Cal. 165, 190, *et seq.*, 196 P. 57.

Our attention has been called to Powell v. Powell, 160 Wis. 504, 152 N. W. 168, Ann. Cas. 1917D, 113. In that case defendant counterclaimed with a charge of slander arising out of the same conversation. That case holds that a counterclaim under such circumstances is permissible. The statute authorizing counterclaims . in that state is broader than ours, and we do not think that that case can be said to be at variance with those hereinbefore cited nor out of harmony with our view. The case of Sclar v. Resnick, 192 Iowa, 669, 185 N. W. 273, is not an authority for defendant because the Iowa code permits counterclaims of "any new matter constituting a cause of action." Such new matter need not arise out of the transaction pleaded in the complaint, nor is it necessary that it be connected with the subject of the action. See Dolan v. Buckley, 197 Iowa, 1363, 1365, 199 N. W. 302.

We are not concerned with, nor do we pass upon, whether the allegations set out in the counterclaim afford defendant a basis for justification of the libel or may be considered by the jury in mitigation of damages.

The order is affirmed.